No. 4.—ALFRED C. BOSTWICK, Adm'r of James Bright, deceased, plaintiff in error, *vs.* PERKINS, HOPKINS & WHITE, defendants in error.

[1.] Where a Court has jurisdiction of the person, and the subject matter of the suit, and the defendant has some privilege exempting him from the jurisdiction, he may waive the privilege if he chooses to do so; as where a party was sued in a Court of law, for a subject matter, more properly cognizable in a Court

Bostwick *vs.* Perkins, Hopkins & White.

of Equity, and the defendant acquiesced in the jurisdiction of the Court, and confessed judgment to the plaintiffs; the Court refused to set aside the judgment on that ground, after the lapse of more than five years.

[2.] Parties cannot by consent give the Court jurisdiction, where it has none by law.

This was a motion to set aside a judgment for $3537$\frac{80}{100}$, in favor of the defendants against the plaintiff in error, in Pulaski Superior Court. Tried before Judge SCARBOROUGH, and motion refused, October Term, 1847.

All the facts necessary for a proper understanding of the points decided, are embodied in the opinion of the Court.

WM. S. ROCKWELL, for plaintiff in error, cited the following authorities:

1st. As to the judgment being void. 8 *Conn.* 584. 1 *Peters' C. C. R.* 482. 13 *S. & R.* 186. 5 *Id.* 358. 2 *Const. R. So. Ca.* 339. 3 *Munf.* 550. 4 *Id.* 95. 5 *Id.* 23. 3 *Conn.* 513. *Dougl.* 679. *Smith's Lead. Cas.* 334.

2d. As to the jurisdiction of the Court. 6 *Pet.* 691. 9 *J. R.* 229. *Kirby,* 119. 1 *Dall.* 261. 5 *Mass.* 67. 9 *Id.* 462. 12 *Id.* 25. 1 *Id.* 401. 6 *Pick.* 232. 6 *Verm.* 580. 4 *Conn.* 380. 6 *Wend.* 447. 2 *Hall,* 358. 1 *Ham.* 260. 3 *J. J. Marsh.* 600. 1 *Miss.* 529. 2 *Blackf.* 108. 1 *Bailey,* 294. 2 *Bingh.* 213. 2 *Tyler,* 218. 1 *Dunlap's Prac.* 428.

3d. As to the acquiescence of the party. 4 *McC.* 79. 1 *N. & McC.* 192. 1 *Bibb,* 262. 3 *McC.* 280. *Breese,* 31. *Coxe,* 31, 70. "*Debile fundamentum fallit opus,*" 6 *John. R.* 331.

4th. As to the lapse of time. 3 *Ham.* 16. 4 *Wend.* 217. 3 *McC.* 19. "*Quod ab initio non valet, in tractu temporis non convalescit.*"

HARRIS—representing WARREN—contra.

*By the Court.*—WARNER, J., delivering the opinion.

From the record in this case, it appears that an action of assumpsit was instituted in the Superior Court of Pulaski county, against Bostwick, the plaintiff in error, as the adm'r of James

Bright, deceased, on a promissory note made by Bright & Walker, who were copartners.

The defendant was duly served with process and confessed judgment to the plaintiffs, for the amount due on the note in the Court below, and judgment was rendered against him in July, 1841.

In October 1847, the defendant made a motion in the Court below to quash the judgment, and set the same aside for irregularity. First. Because it appears from the record in said cause, that the defendant was the administrator of James Bright, deceased, who was a copartner of James Walker, and that said Walker was a surviving copartner, and that said judgment was against said Bostwick as administrator as aforesaid, and therefore null and void.

Second. Because the administrator of a deceased copartner cannot be sued at law.

Third. Because a Court of law has no jurisdiction over an administrator of a deceased copartner.

The record does not disclose affirmatively, that Walker was the surviving copartner of the firm of Bright & Walker—as to that fact, the record is silent. The ground of the motion to set aside the judgment in the Court below is, for the want of jurisdiction in that Court. The argument is, that a Court of equity, and not a Court of law, had jurisdiction of the case as made by the record, and therefore, the whole proceeding was *coram non judice.*

[1.] Where the Court in which the judgment is rendered, has *no jurisdiction* either of the person, or the subject matter of the suit, then the whole proceeding is unquestionably void, and a nullity—but where the Court *has jurisdiction,* both of the person and the subject matter of the suit, although it may err in its opinion of the law, yet such judgment is conclusive upon the parties to it, where there is no appeal. Had the Superior Court of Pulaski county *jurisdiction* of the defendant, and the subject matter of the suit, as disclosed by the record in this case? By the constitution of this State, and the Judiciary Act of 1799, the Superior Courts have power, and authority, to hear and determine all *civil* causes, in the county where the defendant resides.— *Prince's Dig.* 910. *Ibid,* 419.

It appears from the record, the defendant resided in the county of Pulaski where the judgment was rendered, and therefore, the

Court had jurisdiction of the person of the defendant. It also appears the suit was instituted for the purpose of collecting the amount of a promissory note which was the foundation of the action. The Superior Court had *general jurisdiction* in the county of Pulaski where the cause was tried and the judgment rendered; and it was a *civil* cause which the Court was empowered by the Constitution and laws of the State, to hear; and determine. We are of the opinion, the Court in which the judgment was rendered, not only had jurisdiction of the *person,* but had also jurisdiction of the *subject matter* of the suit, that is to say, the Court had the authority, under the Constitution and Laws of the State, to hear, and determine the cause made by the record. It is said this Court has decided in *Roosevelt & Barker vs. M'Donell, Ex'r,* 1 *Kelly,* 489, that the representative of a deceased copartner cannot be sued at law for a copartnership debt; that the surviving copartner is alone liable therefor. Such was the judgment of this Court in that case; but before that decision was made, it was the practice of some of the Courts in this State, to hold, that such representative could be sued at law, under the provisions of the act of 1818—and such it is quite probable was the rule of decision in the Court where the judgment was rendered against the plaintiff in error in 1841—and if so, that judgment was as binding and conclusive upon the parties, as any other judgment, rendered by a Court of competent jurisdiction.

Admitting there was error in the judgment of the Court which pronounced it as to the Law of the case, yet, the court exercised its judgment in relation to a subject matter within its jurisdiction, and it must be considered as binding on the parties to it. The counsel for the plaintiff in error insists, that a Court of Law had no jurisdiction over the subject matter as appears from the face of the record, but that a Court of Equity had the *exclusive* jurisdiction thereof.

[2.] Although a party cannot by consent, give the Court jurisdiction, where it had none under the Law; yet where the Court has jurisdiction of the subject matter, and the person, and the defendant has some privilege, which exempts him from the jurisdiction, he may waive the privilege if he chooses to do so.— *Overstreet vs. Brown,* 4 *McCord's Rep.* 80. It was the privilege of the plaintiff in error, when the suit was instituted against him in the Court below, to have objected to the jurisdiction of the

Bostwick *vs.* Perkins, Hokpins & White.

common Law Court, but he chooses to waive his privilege, and acquiesce in the jurisdiction of the Court, and confess judgment to the plaintiffs for their demand, and is now, in our judgment, too late with his objection to the jurisdiction, after the rendition of the judgment against him in the Court below.

In *Stroup vs. Sullivan & Black*, 2 *Kelly*, 281, this Court said, " Whenever a suit is instituted against a party, it is his duty, promptly to defend it if he has any defence to make, at the proper time and in the proper manner."

In *Evans vs. Rogers*, 1 *Kelly*, 466, we held, " In all cases of irregularity in the proceedings in a Court, the party aggrieved should apply as early as possible : and if he either proceed himself, or lie by and suffer the other party to proceed, the Court will not assist him—that any irregularity must be taken advantage of in the first instance, and that it is considered as waived by the party, who voluntarily does an act, submitting to the proceeding, instead of taking steps immediately, to avail himself of the irregularity, which ought always to be done in the first instance." The plaintiff in error when he was sued in a Court of Law, *waived* his privilege of objecting to the jurisdiction of that Court, and voluntarily acquiesced in it so far as appears to us from the record : and continued to acquiesce in the correctness and legality of the judgment, for more than five years, before taking any steps to set it aside: and in our opinion the Court below did not err, in the exercise of its discretion, in refusing the motion made by the plaintiff in error : therefore, let the judgment of the Court below stand affirmed.