Warner, Chief Justice.
1. This was an action of ejectment, brought by the plaintiff against the defendants, to recover the possession of lot of land number one hundred and twenty-four, in the fifth district of Cass county. The action was commenced on the 7th of January, 1852. This is the third time this case has been before this Court. On the last trial thereof, the jury found a verdict for the plaintiff. A motion was made for a new trial on the several grounds set forth therein, which was granted by *the Court, and the plaintiff excepted. It appears from the evidence in tlfe record, that Harriet Taff, as the orphan of William B. Taff, drew the lot of land in dispute, which was granted to her by the State, on the 28th of January, 1833 ; that on the 14th of March, 1834, a scire facias was issued in the name of the Governor, on the information of one Kirkpatrick, alleging that said draw in the land lottery was fraudulent, on the ground that the said Harriet Taff had not resided in the State of Georgia three years immediately preceding the 1st day of January, 1832, and did not reside in said State on the 21st day of December, 1830, and requiring her,.the said Harriet Taff, to appear before the Superior Court of Cass county and show cause why said return and draw should not be adjudged fraudulent, and the grant to her of the lot by the State annulled. The entry on the back of the scire facias is as follows; “Served the defendant, Harriet Taff, by serving her guardian, John W. Taff, with a copy of the within writ. August 27th, 1834. (Signed) C. F. Hemmingway, deputy sheriff.”
On the trial of the scire facias the lot was condemned as fraudulent, judgment entered up to that effect, and the defendants in the present, action derive their title to the lot of land under *486 that judgment as purchasers thereof: The plaintiff offered in evidence the common law docket of 1834, showing the entry of default by defendant in scire facias, and also, showing the entry of “John W. Taff, guardian ad litem.” John W. Hooper, who was the presiding Judge of the Court, testified that the reason that John W. Taff was appointed guardian ad litem, was that Kirkpatrick, the informer, stated to the Court that John W. Taff was the guardian of Harriet in the county in which she resided, but it did not appear that he was her guardian other than by the statement of Kirkpatrick, the informer. John W. Taff was not present when appointed guardian ad litem, did not appear, and ■witness never saw him, and has no knowledge of his acceptance of the appointment. William Ezzard testified, that he was the attorney for Kirkpatrick, the informer, at the time of the trial of *the scire facias; that John W. Taff was appointed guardian ad litem at the suggestion of Kirkpatrick; don’t think he was present, and has no recollection of his appearance for Harriet or of his acceptance of the trust, or that he had any notice of his appointment, and believes he did not accept ; there was no, defense made on the trial of the case; thinks service of the scire facias was made on Taff before he was appointed guardian ad litem. There is no pretence that Harriet was not entitled to a draw in the land lottery, on the ground that she did not reside in the State — the evidence is full and satisfactory upon that point; one of the witnesses states that she raised Harriet, that she never was out of the State until she married. The Court charged the jury on the trial, amongst ''ther things, “that the fact that Kirkpatrick, the informer, oesignated or suggested that John W. Taff was a suitable person ♦o be, and should be, appointed guardian ad litem, and that Taff failed to appear and defend the case, were both strong circumstances of fraud; that it was not to be presumed that Kirkpatrick, the informer, who was seeking to condemn the draw as a fraudulent draw, would designate a person as guardian ad. litem who would honestly and fairly defend the case and protect the rights of the orphan.” This charge of the Court was error, according to the provisions of the 3183d section of the Code and the repeated rulings of this Court, and we are constrained to affirm the .tudgment of the Court below in granting the new trial. In our Judgment, this case was not fairly submitted to the jury by the Court below, in view of the facts disclosed in the record.
The main controlling question in the case was whether the Court which rendered the judgment on the scire facias, condemning the land as having been fraudulently drawn, had juris'diction of the person of Harriet Taff, in the manner prescribed by law. If it had jurisdiction of the person and the subject matter in the manner prescribed by law, although the proceedings of the Court may have been irregular, the judgment would not be void; but if the Court did have jurisdiction of the subject matter, and had no jurisdiction of the person *of the minor orphan drawer, as prescribed by law, at the time the judgment was rendered, then the judgment was *487 null and void, and that was .the point in the- case. The 27th section of the Act of 1830, providing for the condemnation of fraudulent draws in the land lottery, declares, that the service of the scire facias may be effected by any sheriff of any county in the State by leaving a copy thereof with the person named as defendant, or at his or her notorious place of abode. Harriet Taff is named as the defendant in the scire facias, and no other person. Did the evidence show that a copy of the scire facias had been left by the sheriff with Harriet Taff, the person named as defendant therein, or left at her notorious place of abode, as required by the statute, so as to have given the Court jurisdiction of 'her person in that proceeding to condemn her draw as fraudulent? In my individual opinion, the service of'the scire facias on John W. Taff, who is said by the sheriff in his return to be her guardian, is not service upon the person named as defendant in the scire facias, even if he was her guardian. But was John W. Taff her guardian, or was he a mere man of straw? The Act of 1830 expressly provides, “that no return made by, or on behalf of any orphan or orphans, shall be pronounced fraudulent until his or their legal guardian shall have been made a party to the scire facias, or other discreet person appointed by the Court in which the case is tried, to defend the case for the said orphan or orphans.” If such a person as John W. Taff did, in fact, exist, and if, in fact, he was her legal guardian, was he ever made a party to the scire faciast If not, was any discreet person appointed by the Court to defend the case for the orphan when the case was tried, and was such person notified of his appointment, and did he accept the same? In short, does the evidence show that the orphan drawer of this lot of land had any notice of that proceeding by scire facias to condemn it as fraudulent, and was she represented before the Court, so as to be bound by that judgment?
2. If the Coui;t had jurisdiction of her person, as required by Jaw, then the judgment was not void, though the proceedings *may have been irregular; but if the Court did not obtain jurisdiction of her person, in that proceeding, in the manner prescribed by law, then the judgment was null and void, and the title to the land is still in her as the drawer thereof, and not in the defendants who claim to derive their title under that judgment. The question presented in this casé, is not whether the defendants are bona fide purchasers of the land, but the question is, whether they have any title to the land, and that is the view which this Court took of it when the case was before it on a former occasion: See Johnson and wife vs. Wright et al., 27 Georgia Reports, 555.
Bet the judgment of the Court below be affirmed