| 69 | 617 |
|---|---|
| d112 | 214 |

| 69 | 617 |
|---|---|
| 130 | 220 |

## JOHNSON, guardian, *vs.* SIRMANS.

1. An owner of land executed a paper by which, in consideration of love and affection and the sum of one dollar, it was stated that he "hath given unto my niece's daughter and the heirs of her body at my decease, the following negroes and their increase. * * * * To have and to hold all and singular the premises hereby given unto Aliff Tomlinson and the heirs of her body, my neice's daughter, at my decease forever," etc. :
*Held*, that the instrument was a will, not a deed, and should be probated before it can avail as a muniment of title.

2. Such instrument vested the absolute title in the niece's daughter. A marriage contract having been entered into by the niece's daughter upon marrying, according exactly with the above instrument, and she having died before her husband, in 1862, he took absolutely and could convey a good title.

3. Although trust funds may have been misapplied and invested in certain property, still a purchaser thereof for full value and without notice of the trust, will be protected.

January 16, 1883.

Wills, Deeds. Estates. Husband and Wife. Trusts. Titles. Before Judge MERSHON. Clinch Superior Court. March Term, 1882.

The facts of this case sufficiently appear in the head notes and decision.

J. L. SWEAT; J. C. NICHOLLS; S. W. HITCH, for plaintiff in error.

No appearance for defendant.

JACKSON, Chief Justice.

In the view we take of this case, the non-suit was properly awarded. Whether the case had gone to trial on the action of trover at law, or on the equitable suit into which it was changed by the ruling of the court, can make no essential difference. There could be no recovery for three

reasons, it appears to us, though one is enough to make the non-suit a necessity.

1. The paper seems to be a will, and not a deed. It was to take effect after the death of the donor. The language is "at my decease." The words are emphasized by a repetition of them. If a will, as the whole case rests on this paper, which never went to probate, of course the non-suit was right. There is here no passing a present title with a reservation of a life estate in the grantor as in the case in 66 *Ga.*, 127.

2. The words in this instrument are, "hath given to my niece's daughter and the heirs of her body at my decease forever." This vested the absolute estate in her under our law, codified in section 2250, which reads thus: "Gifts or grants to one and the heirs of his body, or his heirs male, or his heirs female, or his heirs by a particular person, or his children, or his issue, convey an absolute fee." There was a marriage settlement in this case, destroyed by the burning of the court house of Clinch county, but proved by parol to follow the deed, or will, as we think the paper is, precisely, whereby the husband stipulated that his marital rights should not attach; but he survived the wife, the donee, and as her heir at law took her estate, and he sold this property after her death, and defendant holds under him. Defendant, therefore, got a good title, and the non-suit was right.

3. Even if there had been any trust for the benefit of the daughter of this donee, who is the plaintiff here, this purchaser for full value without notice of it was protected, and took the cattle sued for free from the trust. So that the non-suit was right on this ground, and there the court below put it.

The other points made in the record cannot affect the result.

Judgment affirmed.