WOODWARD vs. DROMGOOLE.

Equity will not interfere to set aside a judgment of a court of competent jurisdiction, except where the party has a good defence of which he was entirely ignorant, or where he was prevented from making it by fraud or accident, or the act of the adverse party, unmixed with fraud or negligence on his part.

February 2, 1884.

Injunction. Judgments. Before Judge HAMMOND. Fulton Superior Court. October Term, 1883.

Dromgoole filed his bill against Woodward, alleging, in brief, as follows: Complainant was living in Columbus, and received a letter from defendant, offering him a place near Atlanta, containing eighty-five acres, for $5,500.00. Complainant replied that he would come to see it, and did so. Defendant's father-in-law conducted the negotiations. He caused a man in defendant's employment to show complainant the place, but privately instructed him to show complainant up to a certain rock, only containing sixty acres, about twenty-five lying beyond it. Complainant had no experience in purchasing land, and supposed what was shown him contained the eighty-five acres. He agreed to the purchase, and received a bond for titles, in which he believes the number of acres was blank at the time it was exhibited to him, though it now states the amount as sixty acres. He paid little attention to it, relied on defendant gave his notes and took the bond. Subsequently he advertised the place for sale as eighty-five acres, and then learned that there were only sixty acres. Defendant brought ejectment against him; he was notified by his attorney that the case stood for trial, but some eight or ten days before that time, he was taken ill in Louisville and could not attend. When the case was put on the calendar for trial, his attorney telegraphed to him; he telegraphed back that he was too sick to attend; he did not know that more was required, and he was unable to do more. He also instructed his attorney to consult with another named attorney, whom he had desired to represent him, but had been unable to see. These two attorneys consulted together, and failing to obtain a continuance, and in good faith deeming it the best thing to be done, filed an equitable plea, alleging that a large part of the purchase money had been paid, and praying that the property be sold, the purchase money paid, and the balance turned over to him. An agreed verdict was rendered accordingly, and the place has been advertised to be sold. This was without the approval of complainant, and his attorneys did not know fully

the facts of the defence. As soon as complainant was able, he went to Atlanta, expressed his disapproval, and caused this bill to be filed. Damages are claimed, on the ground that defendant allowed stock to injure the shrub-bery. Before complainant discovered the discrepancy in the amount of the land, he expended a considerable sum of money in improvements, fences, etc. The prayer was that the verdict be set aside, injunction be granted, that he be allowed credit for the twenty-five acres which de-fendant had sold to another, and also for his expenditures, damages, etc. Discovery was waived.

The answer denied all fraud, and alleged, in brief, as follows: At first, defendant offered eighty five acres for $5,500.00, but subsequently decided that it was worth more, and through his father in-law, who has since died, negotiated the sale of sixty acres to complainant for that sum. Only that much was shown him or sold to him, and that amount was put in the bond. When the notes for the deferred payments fell due, complainant could not pay them, and ejectment was brought. Complainant never made any complaint or contested the amount until he was sued. Counsel for complainant had in their possession an equitable plea setting out this claim, when the case came on for trial. After consultation, the verdict taken was agreed on. Complainant is only endeavoring to keep the land without pay.

On the hearing of the application for injunction, affida-vits were read by both sides. The chancellor granted the injunction, and defendant excepted.

HOKE SMITH; W. I. HEYWARD, for plaintiff in error.

REED, REINHARDT & ARROWOOD, for defendant.

BLANDFORD, Justice.

" Equity will interfere to set aside a judgment of a court having jurisdiction only when the party had a good de-

fence of which he was entirely ignorant, or where he was prevented from making it by fraud or accident, or the act of the adverse party, unmixed with fraud or negligence on his part." Code, §3129.

And to the same effect is section 3595 of the Code.

Applying these principles to the allegations in the bill filed by the defendant in error against the plaintiff, it will be apparent that there is no equity in the bill.

And when we consider the proofs submitted to the chancellor upon the hearing of the motion to grant the injunction to enjoin the judgment at law, it will be manifest that the judgment is right and proper, and should not be interfered with; and it will further appear that if any harm has come to defendant, it was by his own negligence and *laches*. "*Vigilantibus non dormientibus jura subveniunt*," which is a maxim of our law taken from the ancients. "He that asks help from the gods must first help himself." (Æsop.) Let the decree of the chancellor granting an injunction in this case be reversed.

Judgment reversed.