## BARTON *vs.* BARTON.

Where a resident of Fulton county was convicted of perjury, sentenced to the penitentiary, and confined in Gilmer county, this was not a voluntary change of domicile; and if thereafter his wife brought a libel for divorce against him, based on his conviction, Fulton county was the proper venue of the case.

March 30, 1885.

Venue. Jurisdiction. Penitentiary. Before Judge HAMMOND. Fulton Superior Court. October Term, 1884.

Reported in the decision.

WALTER A. WAY, for plaintiff in error.

No appearance for defendant.

BLANDFORD, Justice.

Plaintiff brought her action against defendant, whom she alleged was in the penitentiary in Gilmer county, Georgia; that he was convicted of perjury by the superior court of Fulton county; that at that time he was a citizen and resident of Fulton county; that he was carried to Gilmer county for punishment in the penitentiary.

The court below held that Fulton superior court had no jurisdiction of defendant; but that the jurisdiction was in superior court of Gilmer couty, and dismissed plaintiff's libel for divorce.

We think the facts show that the court below committed manifest error. The defendant did not voluntarily change his domicile, and, under the facts, he still had a domicile in Fulton county.

Judgment reversed.