## SNELLING *et al.* *v.* AMERICAN FREEHOLD LAND MORTGAGE COMPANY OF LONDON LIMITED *et al.*

1. When a suit is brought against a trustee, seeking to charge the trust estate with a debt for which the trustee is only personally liable, this fact being known to the plaintiff, a judgment rendered therein against the trustee will not be conclusive upon the beneficiaries of the trust, unless it appear that such beneficiaries were sui juris and were parties to the suit, or consented to the judgment. The conduct of the plaintiff in bringing such an action subjects him to the charge not only of implied but of actual fraud.

2. A petition filed by the beneficiaries of a trust estate to enjoin the enforcement of a judgment against their trustee, in a case of the character above described, to which they were not parties, is not such a proceeding to set aside a judgment as must be brought within three years from the rendition of the judgment.

Argued May 13, — Decided June 10, 1899.

Petition for injunction. Before Judge Spence. Stewart county. April 17, 1899.

*Clarke & Harrison*, for plaintiffs.

*W. C. Worrill*, by *Harrison & Bryan*, for defendants.

Cobb, J.  Mrs. Snelling in behalf of herself and as next friend of her minor children filed a petition addressed to the superior court of Stewart county, alleging, in substance, as follows: The

plaintiffs are the wife and children of Z. Taylor Snelling, who, in December, 1885, had set apart out of his property a homestead for the benefit of petitioners. The homestead estate consisted of lands and included a tract of seventy-five acres described in the petition. After the homestead had been set apart, Snelling obtained a loan from the American Freehold Land Mortgage Company for the principal sum of eight hundred dollars, and gave to the mortgage company a deed to the land set apart as a homestead, as security for the loan. Subsequently the mortgage company brought suit against Snelling on the debt, and recovered a judgment against him. Execution issued on this judgment, and was levied on the lands embraced in the deed given to secure the debt. To this levy Snelling as the head of a family interposed a claim. The execution and claim were returned to the superior court of Stewart county, and there pended until the April term, 1895, when by consent of the parties a verdict and judgment was rendered, finding all the property levied on not subject, except the seventy-five acres of land above referred to, which was found subject to the execution. It is alleged that the petitioners were not parties to the verdict and judgment rendered in the claim case, and did not consent thereto, and that the rendition of the same was in violation of their rights under the laws of this State. The execution which is the foundation of the judgment last referred to is about to be enforced against the homestead property; and Snelling is not in a position to interpose a claim and stop the sale, by reason of the former claim and verdict and judgment against him. The prayers of the petition were, that the mortgage company, its agents and attorneys, and the sheriff, be enjoined and restrained from further proceeding with the sale of the property or in any way attempting to enforce the execution against the property; that the verdict and judgment rendered in the claim case be declared to be of no binding force and effect as against petitioners; and that the property levied on be declared to be not subject to the execution proceeding against it. The petition was filed April 1, 1899. The defendants demurred to the petition, alleging as grounds of demurrer that the matters set up therein were res adjudicata, because the

plaintiffs were represented by Snelling as trustee for them on the trial of the claim case, and are concluded by the verdict and judgment in that case; and that the action is barred by the statute of limitations, more than three years having elapsed from the time of the rendition of the judgment to the date of the filing of the petition to set aside the judgment. The mortgage company answered, denying the plaintiffs' right to the relief prayed for. There was evidence introduced to the effect that the plaintiffs were not parties to the claim case in which the consent verdict was rendered; and also to the effect that the seventy-five acres in dispute was a part of the homestead estate. After considering the pleadings in the case and the evidence, the court passed an order denying the application for an injunction, and the plaintiffs excepted.

1. When property which has been set apart as a homestead is levied upon under an execution against the head of a family, founded upon a debt to the payment of which the homestead estate is not liable, the head of a family is such a trustee for the beneficiaries of the homestead that he may interpose a claim in their behalf and set up their rights under the homestead to have the property protected from sale. *Bartlett* v. *Russell*, 41 *Ga.* 196. When such a claim is interposed, the head of the family represents the beneficiaries of the homestead to the same extent that any trustee would in such a case represent the beneficiaries of the trust. The general rule is, that those represented by the trustee would be bound by a judgment against him as such, although they were not parties to the proceeding in which the judgment was rendered. *Zimmerman* v. *Tucker*, 64 *Ga.* 432; *Barfield* v. *Jefferson*, 84 *Ga.* 609; *Wegman Piano Company* v. *Irvine*, ante, 65. This rule, however, does not apply, if the plaintiff, knowing that the trust estate is not liable, nevertheless brings the suit for the purpose of charging the trust property with the payment of a debt for which the trustee is only personally liable; and in such cases, to render a judgment having that effect conclusive upon the beneficiaries of the trust, it must appear that they were sui juris and were parties to the suit, or consented to the judgment. *Meyer* v. *Butt*, 44 *Ga.* 468. In the case just cited Judge McCay

says: "And we think it may be laid down as a general rule, that a judgment against a trustee, in a suit where he is the sole defendant, and where the plaintiff is seeking to charge the trust-estate with debt, contracted by the trustee, for his own benefit, is *prima facie* fraudulent. Being defendant in such a suit is foreign to the object of the trust, and this the plaintiff is bound to know. The interest of the trustee is with the plaintiff, and it is a perversion of the whole intent of the trust to permit his neglect, or his act, to bind the trust property for his own benefit." Applying this rule to the present case, we think the judgment finding the homestead property subject to the individual debt of the head of the family is prima facie not binding; and before the property can be sold in satisfaction of that debt it must be shown by the holder of the debt, independently of the judgment in the claim case, that his debt is a proper charge upon the homestead estate.

There is nothing in this ruling to conflict with the decision made in the case of *Wegman Piano Company* v. *Irvine*, supra. In that case a judgment by default was rendered against the head of a family, subjecting the property of the homestead estate to the payment of a debt which the creditor honestly claimed belonged to one of those classes of debts for the payment of which such an estate could be lawfully rendered liable, the averments in the petition being that the same was contracted by the head of the family for the benefit of the homestead estate, and that the consideration of the debt had enured to the benefit of the homestead estate. The petition in that case did not disclose a palpable effort to charge the trust estate with the payment of the individual debt of the trustee, but on the contrary it was brought for the purpose of collecting out of the trust estate a debt alleged to have been contracted by the trustee bona fide for its benefit. After judgment was rendered the head of the family filed a formal motion to set it aside upon various grounds, but none of them charged any fraud or collusion in the transaction, and all of them set up matters which should have been taken advantage of by demurrer or plea before judgment. The motion was, after a hearing, overruled. Subsequently the beneficiaries filed a petition to enjoin a sale

under an execution issued on the judgment, upon practically the same grounds that had been set up in the motion to set aside the judgment, made by the head of the family; and it was held that the judgment rendered against the head of the family in the original case, as well as the judgment on the motion to set aside the judgment, concluded the beneficiaries from raising these points. If it had been alleged in terms that the debt claimed as chargeable against the homestead estate was not so chargeable but was really the individual debt of the head of the family, and that the suit and judgment was the result of a fraudulent and collusive arrangement between the trustee and his individual creditor to charge the trust property with the individual debt of the trustee, then the case would have been within the rule laid down in *Meyer* v. *Butt*, supra. In the present case the manifest object of the levy was to collect out of the trust estate a debt with the payment of which it was not chargeable. There could have been no other purpose on the part of the creditor. While the head of the family had a right, and it was probably his duty, to interpose a claim in behalf of the beneficiaries of the homestead, he had no power or authority to consent to a judgment which would have the effect of binding the trust estate to pay his individual debt. A judgment having this effect, rendered in such a case by consent of the trustee and his individual creditor, was so foreign to all of the purposes of his trust as to be a nullity, on account of the gross fraud thus attempted to be perpetrated upon the beneficiaries of the trust by the collusive conduct of a faithless trustee and his individual creditor, who well knew of his utter disregard of duty as well as his want of power to do the act relied on to make the scheme effectual. The facts in the case cited supra, from the 44 *Ga.*, conclusively show actual fraud on the part of the plaintiff, and as a result there must have been collusion between him and the trustee. While Judge McCay speaks of implied fraud, it could not have been otherwise than as just stated; for the creditor, who knew that the trust estate was not liable for the payment of his claim but who nevertheless sought by a legal proceeding to collect the same from the trust property, was necessarily guilty of bad faith. That case

was, in our judgment, upon its facts rightly decided, and the principle upon which the decision rests is applicable to the case now in hand.

2. It is contended, however, that the injunction was properly refused, because it appeared from the face of the petition that more than three years had elapsed since the rendition of the judgment in the claim case, and that the suit of the plaintiffs was barred under section 3764 of the Civil Code, which declares that "All proceedings of every kind in any court of this State, to set aside judgments or decrees of the courts, must be made within three years from the rendering of said judgments or decrees." We do not think that section applies to a case like the present one. The proceeding instituted by the plaintiffs in this case is not one to set aside a judgment. There is no prayer to this effect. If the allegations in the petition are true, the judgment was fraudulent and void as to them, and could be attacked by them as such whenever sought to be enforced against them. They were under no obligation to go into court within any given time and make a formal motion to set aside the judgment which had been procured through the fraud of their trustee and his creditor. We think that when this fraudulent and void judgment was sought to be enforced against them, they had a right to resist it, and such was the purpose of the proceeding instituted by them in the present case. They have a right to enjoin the execution issued on this judgment from proceeding against the homestead property; and it was not necessary to institute any proceeding to set aside the judgment on which it was issued. Such being the case, the section of the code is not applicable, and it was error to refuse the injunction on this ground.

*Judgment reversed. All the Justices concurring.*

## CORRECTIONS.

106  Ga. 237, line 20 from bottom. . Insert "if" before "it."

Same volume, 839, bottom.   Change *affirmed* to *reversed*.