## FIELD *v.* JORDAN *et al.*

Complainants having negligently allowed three years to pass without seeking to set aside the judgment complained of at law, under the facts of this case equity can grant them no relief.

Argued October 20, 1905.—Decided January 12, 1906.

Injunction. Before Judge Pendleton. Fulton superior court. June 1, 1905.

*R. O. Lovett* and *W. W. Haden,* for plaintiff in error.
*R. J. Jordan,* contra.

BECK, J. The plaintiffs below filed their equitable petition to the superior court, alleging, that they were the defendants in an action brought against them by Field, the defendant in the case at

bar, and that when the case came on for trial at the April term, 1900, of the justice's court in which it was pending, a demand was made for a bill of particulars; whereupon the magistrate continued the case for the term and marked upon his docket, "Bill of particulars demanded, and cont.," but during the term at which the case was continued, to wit, on May 1, 1900, the justice rendered judgment against petitioners without their knowledge. When their attention was called to this judgment, by a summons of garnishment which had been issued thereon, their counsel immediately brought to the attention of counsel for Field the fact that the judgment was irregular, and Field's counsel promptly agreed that it should be treated as a nullity, and it was so treated, the justice acquiescing therein and setting the case down again for trial. When the case thus came on for trial it was continued at the request of Field, who, "on cross-examination, showed that there was better evidence than his own as to the correctness of the account sued on." Since that trial the case has been continued from time to time, but never tried. In December, 1903, Field, having employed other counsel than those who made the agreement to treat the judgment as void, again proceeded to enforce the judgment rendered May 1, 1900; and it is to restrain him from so doing that this action was brought. The judge below granted the injunction prayed for, and Field excepted. The evidence introduced upon the hearing disclosed a state of facts substantially similar to those alleged in the petition. The defendant, however, did make an affidavit to the effect that he had never agreed to consider the judgment a nullity, and had not ratified the agreement of his former counsel treating it as such. In addition to his answer, the defendant filed a demurrer upon the ground, among others, "that more than three years have elapsed since said judgment was rendered, and the filing of this proceeding to set the same aside, and the same is barred." As the judgment will be reversed upon this ground of the demurrer, it is unnecessary to set forth the other grounds.

Whatever may be the moral duty of Field in regard to this judgment, he can not be restrained, either at law or in equity, from enforcing it. In the case of *Peel* v. *Field,* 122 *Ga.* 503, it was decided that the judgment was not void, but erroneous; and as the plaintiffs have allowed the time to pass within which they could have attacked it at law, under the facts of this case equity is powerless to

assist them. It appears that the judgment was rendered May 1, 1900, and so entered upon the justice's docket. This was constructive notice to the plaintiffs that the judgment had been rendered; and if they were dissatisfied therewith, they should have applied for a writ of certiorari within the time allowed by law. Moreover, it appears that they received actual notice of the judgment sometime after the thirty days had elapsed, but then, instead of taking steps to have it vacated, they relied upon the naked promise of counsel for Field that it would be treated as a nullity. Instead of relying upon this naked promise to treat the judgment as a nullity, defendants in execution, within the statutory period allowed for instituting proceedings to set aside judgments, should have begun proceedings to set aside or vacate this judgment. And this period is fixed by statute at three years. Civil Code, §3764. Their failure to take the proper steps within the time allowed can only be termed negligent. The various sections of the code (Civil Code, §§3987, 3988, 5370) which prescribe the method of setting judgments aside in equity for fraud, accident, or mistake, all contain the provision that the movant must show that there been no fault or negligence on his part. These plaintiffs have not met this requirement. While the case from which it is taken is not exactly on all-fours with the one at bar, we quote the following language from the opinion as applicable here: "Equity does not help the sleepy—only the vigilant, the watchful, the searcher for an available and legal remedy . . . are [given] the passports to her favor. She does not relieve against the plain statute of limitations of three years as a bar to set aside a judgment at law, but rather follows the law and applies it herself; often she not only does that, but sets up her own bar to any demand that is stale and shows laches." *Morris* v. *Morris,* 76 *Ga.* 738.

Nor is the fact that the justice agreed to treat the judgment as a nullity of any avail. When once his judgment is rendered, unless it be absolutely void, his hands are tied, and he can no more lawfully set it aside that he can vacate the judgments of this court. *White* v. *Burnett,* 113 *Ga.* 151 (2) ; *Field* v. *Peel,* 122 *Ga.* 506.

*Judgment reversed. All the Justices concur.*