### MORRIS *et al. v.* MORRIS *et al.*

1. A judgment of the court of ordinary probating a nuncupative will is binding upon heirs who are named as such in the application for probate, and upon whom service is duly made, until it is set aside in proceedings duly instituted for that purpose.

2. Where in the application for probate in solemn form of a nuncupative will certain persons were named as heirs and service upon them was prayed, and in the judgment upon this application service upon all the heirs of the named decedent was recited, and the will was set up and declared to be the will of that decedent, all of those who were so named as heirs are bound by the judgment, and can not collaterally attack the will.

APRIL 13, 1917.

Application for partition. Before Judge Bartlett. Paulding superior court. June 28, 1916.

B. D. Morris and Nancy J. Austin gave notice of their inten-

tion to apply for a partition of the lands belonging to the estate of John Morris, deceased, alleging that they were heirs at law. The widow and the other children of John Morris filed objections, setting up that just prior to his death John Morris had made a nuncupative will, which had been duly probated in solemn form, in which he devised all of his property, both real and personal, to his widow for and during her natural life, with remainder to his heirs at law; and that the life-tenant is now in possession of the lands, and does not own them in common with the applicants for partition. The applicants contended that no legal nuncupative will of John Morris had been probated. Upon the trial of the issue made, the jury returned a verdict in favor of Mrs. Morris. The applicants made a motion for a new trial, which was overruled, and they excepted.

J. S. James, for plaintiffs. W. E. Spinks, for defendants.

BECK, J. (After stating the foregoing facts.) From the evidence in this case it appears that the widow of John Morris made application for the probate of a certain paper containing the last request and verbal disposition of his property, the applicant claiming that this was the nuncupative will of her deceased husband. In the application she named the heirs of the decedent, including the plaintiffs in error, who instituted the partition proceedings. She prayed, that the accompanying will be proved in solemn form; that all the heirs so named be cited to appear at the next term of the court of ordinary and show cause why the will should not be so proved and entered of record as the last will and testament of the decedent; and that letters of administration with the will annexed issue to petitioner. The writing purporting to contain the will and testament of the decedent was as follows: "Georgia, Paulding County. We, the undersigned witnesses, state that we were present at the death of John Morris, late of said county, which took place on the 15th day of Feby., 1901, at his house in said Co.; and on the 14th day of Feby., and in our presence, and having said to us he wanted his wife, E. F. G. Morris, to have all his property so long as she may live and at her death to be equally divided among his heirs at law, the above statement in substance was made to us by said John Morris in his last sickness and under a full consciousness of his approaching death, and he died in about thirty hours thereafter. In witness we have hereunto set our hands this

1st day of March, 1901." This was attested by four witnesses. Citation and order for service was duly issued, and on this order was entered an acknowledgment of service signed by Mrs. Nancy J. Austin, one of the applicants for partition, by her mark. Also there appears a recital of an order appointing a guardian ad litem for B. D. Morris, who was a minor at that time, and certain other minor heirs of John Morris; also the acceptance by the person named as guardian ad litem, and his agreement to represent the minors, and his waiver of all further service. Further appears in the record the judgment of the court of ordinary, reciting the filing of the application for the probate of a nuncupative will, that all the heirs at law of the deceased had been notified of the application for probate, that no objection to the proceeding had been filed, that witnesses had been examined in open court, and that it was then ordered "that the will be pronounced for and declared duly proven, that it be recorded, and that letters of administration with the will annexed be issued as prayed for."

We are of the opinion that under the evidence in this case, oral and documentary (the documentary evidence relating to the probate of the nuncupative will, summarized above), there is a regular judgment of the court of ordinary probating the will of the decedent, John Morris; that his widow, who is in possession of the lands devised, is entitled to the exclusive occupancy of them under the provision of the will; and that the judgment setting up the will and admitting it to probate in solemn form can not be collaterally attacked. The plaintiffs in error sought to show that the applicants for partition had never been duly served; and some evidence to that effect was introduced. Other evidence offered by them to establish this contention was rejected, and complaint is made of this ruling. But it is not necessary to take up and pass upon the various assignments of error in the motion for a new trial; as the evidence which we have referred to required the verdict found in this case. The plaintiffs in error could not destroy the judgment probating the nuncupative will of John Morris, by the collateral attack which they sought to institute. If there was really no service upon B. D. Morris and Mrs. Austin, they should have shown that fact in a proceeding directly attacking the judgment probating the will. That judgment can not be treated as a nullity. If it had appeared on the face of the record that the

minor heirs, B. D. Morris and the other applicant for partition, Mrs. Austin, had not been served, or had not been treated as heirs, then it might be, under the ruling in the case of *Medlock* v. *Merritt*, 102 *Ga*. 212 (29 S. E. 185), that they might have made this attack upon the probate of the will. But in the application for the probate of the will they were named as heirs, service upon them was prayed, service was ordered, and in the judgment service upon them was recited; and by that judgment they are bound until it is set aside in proceedings instituted for that purpose. That being true, no other verdict than the one rendered in this case was possible, and the court did not err in refusing to set it aside.       *Judgment affirmed. All the Justices concur.*