17222.   STANFIELD, guardian, *v.* HURSEY.

BELL, J. 1. Where, after incurring liability, the debtor becomes insane, this fact will not prevent the creditor from bringing suit, and therefore will not affect the operation of the statute of limitations against the debt. *Scott* v. *Winningham,* 79 *Ga.* 492 (4 S. E. 390); *Foster* v. *Jones,* 23 *Ga.* 168; Civil Code (1910), § 5858 (1); *Elliott* v. *Keith,* 102 *Ga.* 119 (29 S. E. 155); 19 Am. & Eng. Enc. of Law (2d ed.) 241; 37 C. J. 1026.
2. In order for the removal of a debtor from this State to suspend the operation of the statute of limitations, it must be accompanied by an intention to change his legal residence or domicile. *Sedwick* v. *Gerding,* 55 *Ga.* 265 (2); Civil Code (1910), § 4358.

Domicile, 19 C. J. p. 406, n. 2; p. 410, n. 25; p. 418, n. 83, 93.
Evidence, 22 C. J. p. 86, n. 75; p. 87, n. 90; p. 88, n. 91.
Limitation of Actions, 37 C. J. p. 768, n. 63; p. 1004, n. 90; p. 1005, n. 92, 95; p. 1026, n. 81; p. 1027, n. 82, 83; p. 1251, n. 87.

3. As to a person sui juris, the matter of making a change in domicile is one involving the exercise of volition and choice. A person who has been adjudged insane can not, by his own act or volition, effect a change in his domicile. Civil Code (1910), §§ 2185, 2186, 2187. Insanity shown once to have existed is, in the absence of proof to the contrary, presumed to continue. *Weeks* v. *Reliance Fertilizer Co.,* 20 *Ga. App.* 498 (2) (93 S. E. 152); Civil Code (1910), § 5740.

4. Where a resident of this State was adjudged insane by the courts of this State in 1910, he was at least prima facie incapable thereafter of making a change of his domicile. Proof that, after such adjudication, he "went over to stay with his people in North Carolina," and was placed in a public institution of that State for insane persons, is insufficient to show that such person ceased to be a resident of the State of Georgia, or that his removal from this State was such as to suspend the operation of the statute of limitations as to a debt against him. Compare *Jackson* v. *So. Flour & Grain Co.,* 146 *Ga.* 453 (1) (91 S. E. 481).

5. The evidence in the instant case having shown that the entire amount of the plaintiff's account matured during or before the year 1911, the same was barred prior to the appointment of the defendant as the guardian of the property of such insane person on April 2, 1917. Civil Code (1910), § 4362. Assuming the authority of such guardian to revive the claim after the bar of the statute had already attached, the evidence shows no act which could possibly be sufficient to effect such revival. *Lambert* v. *Doyle,* 117 *Ga.* 81 (2) (43 S. E. 416).

6. The defendant having pleaded the statute of limitations, and the undisputed evidence, with all inferences and deductions therefrom, having established, as a matter of law, that the plaintiff's debt was barred as alleged, the verdict in favor of the plaintiff was contrary to the evidence, and the court erred in refusing the defendant's motion for a new trial.

7. *Quære:* Is a suit for a general personal judgment against an insane person maintainable against one who is merely the guardian of the property of such insane person? Is personal service upon such insane person a requisite to a valid judgment? Is it permissible for the plaintiff in a case like the present to testify in his own favor as to transactions or communications with such insane person? See authorities cited in paragraph 1 above.

    *Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*

      DECIDED FEBRUARY 14, 1927.

Complaint; from city court of Reidsville—Judge Cowart. January 4, 1926.

*M. W. Eason, P. M. Anderson,* for plaintiff in error.

*A. S. Way, H. H. Elders, H. C. Beasley,* contra.