24787.   SQUIRE, administrator, *v.* VAZQUEZ *et al.*

STEPHENS, J.   1. The location of one's domicile is a question of fact. Where it is alleged in a petition that the domicile of a named person was at a named place, and it does not appear from the facts stated in the petition that the domicile was other than as alleged, the allegation as to domicile is sufficient to withstand a general demurrer.

2. The domicile of the parents at the time of the birth of a child is the domicile of the child, and remains the child's domicile until changed in some manner as provided by law, either by a change of the domicile of the parents or of the parent whose domicile controls that of the child before the child reaches majority, or by a change in the domicile of the child. Where it is alleged in a petition that the parents of a named person were domiciled in Porto Rico at the time of the child's birth, and that the child resided in Porto Rico from the time of his birth in 1894, to the date of his enlistment in the United States Army in August, 1918, which was after his majority, and where it does not appear otherwise from the facts alleged that his domicile was changed before his death, an allegation that at the time of his death he was domiciled in Porto Rico is sufficient to withstand a general demurrer.

3. A person's domicile is not changed merely by his enlistment in the army, and his transfer or assignment by military order to another jurisdiction. Nor is his domicile changed merely by his transference by a legal order to a hospital for the insane, located in another jurisdiction. Nor is his domicile changed by an adjudication. of a court of competent jurisdiction that he is of unsound mind, and remanding him to a hospital for the insane. Nor is his domicile changed by the appointment of a guardian for his estate. Am. Law Inst. Conflict of Laws, §§ 14 et seq., 21, 23.   Ferguson *v.* Ferguson (Tex. Civ. App.), 128 S. W. 632; Bank of Phœbus *v.* Byrum, 110 Va. 708 (67 S. E. 349, 27 L. R. A. (N. S.) 436, 135 Am. St. R. 953); *Barton v. Barton,* 74 Ga. 761; Ex Parte White, 228 Fed. 88; Hayward *v.* Hayward, 65 Ind. App. 440 (115 N. E. 966, 116 N. E. 746); Sealey *v.* United States, 7 Fed. (2) 434; State ex rel. Taylor *v.* Wurdeman, 129 Mo. App. 263 (108 S. W. 144); Wolcott *v.* Holcomb, 97 Mich. 361 (56 N. W. 837, 23 L. R. A. 215).

4. Under the above rulings, it appears from the allegations of the petition of the claimants as the heirs at law of the deceased intestate who had died while an inmate of the Veterans Hospital in Augusta, Georgia, that the deceased at the time of his death was domiciled in Porto Rico, and not in Georgia; and that his estate, consisting of personal property, was subject to distribution to the heirs at law of the deceased by the laws of Porto Rico, and not by the laws of the State of Georgia.

5. It appeared from the petition that the deceased intestate, who at the time of his death was domiciled in Porto Rico, was an illegitimate child having the same father as all the claimants, but a different mother, that he had been recognized by his father as his child, that one of the claimants who was an illegitimate child had also been recognized by the father as his child, that the other claimants were legitimate children of the father of the intestate and of a woman who was

not the mother of the other claimants or of the intestate, and that by reason of these facts the claimants, under the laws of Porto Rico which were pleaded, were the only heirs at law of the deceased intestate and entitled to inherit his estate. See *Squire* v. *Vazquez*, 52 *Ga. App.* 215 (183 S. E. 127). The petition of the claimants set out a cause of action, and the court did not err in overruling the demurrer.

*Judgment affirmed. Jenkins, P. J., and Sutton, J., concur.*

DECIDED FEBRUARY 27, 1936.

*Abram Levy, George Hains,* for plaintiff.

*John R. McDonald, William J. Rowan, R. Low Reynolds,* for defendants.