TURNER *v.* AVANT.

No. 16665. JUNE 15, 1949.

*Robert S. Horne,* for plaintiff.

*Harry S. Strozier* and *D. L. Churchwell,* for defendant.

HEAD, Justice. Under the allegations of the petition, the Municipal Court of Macon was a court of competent jurisdiction to render the judgment complained of in the present action. It is alleged that the records of that court show service upon the defendants, one of whom is the present plaintiff.

A judgment of a court of competent jurisdiction is conclusive between the parties until such time as it shall be reversed or set aside. Code, §§ 38-623, 110-501. Actions to set aside judgments must be brought within three years from the rendition thereof. § 3-702. Equity may set aside judgments of a court of competent jurisdiction for fraud, accident, or mistake, or the acts of the adverse parties unmixed with fraud, neglect, or fault of the petitioners. §§ 37-219, 37-220. Equity will not, by injunction,

restrain the enforcement of a judgment when the defendant in execution had knowledge and notice of such judgment within the period of limitations, and negligently failed to take any action to have such judgment vacated or set aside within the time provided by law. *Field* v. *Jordan,* 124 *Ga.* 685 (52 S. E. 885).

In this case it appears that the judgment against the plaintiff was rendered in November, 1944, and in September, 1946, a levy was made on her property. While it is alleged that the plaintiff in this case was not served with a copy of the process from the municipal court, and that the debt had in fact been paid, her petition shows that she had ample notice of the judgment against her within the statute of limitations. She should have instituted appropriate proceedings to have the judgment against her vacated or set aside. This she failed to do, and more than three years elapsed between the rendition of the judgment in the municipal court and the institution of the present action. The plaintiff alleged that after the levy upon her property she and her husband went to see the defendant, and that he stated that "it was all a mistake" and that "they could forget about it." As was said in *Field* v. *Jordan,* supra, "instead of relying upon this naked promise to treat the judgment as a nullity, defendants in execution, within the statutory period allowed for instituting proceedings to set aside judgments, should have begun proceedings to set aside or vacate this judgment." In *Crane* v. *Stratton,* 185 *Ga.* 235 (194 S. E. 182), it was said that, "where complainants have negligently allowed three years to pass without seeking to set aside the judgment complained of, equity will grant no relief." *Rawleigh* v. *Seagraves,* 178 *Ga.* 459 (173 S. E. 167).

The plaintiff does not now move to vacate or set aside the judgment against her. On the contrary, she sues for damages and asks that the judgment be restrained. She did not avail herself of the remedies provided by law after she acquired notice of the judgment. She cannot maintain an action for damages growing out of proceedings to enforce a judgment which is now valid and binding upon her, nor can she maintain an action to enjoin it. *Judgment affirmed. All the Justices concur.*