FOSTER *et al. v.* FOSTER *et al.*

No. 17302.  JANUARY 10, 1951.  REHEARING DENIED FEBRUARY 15, 1951.

522

*L. S. Johnson, Denver Porterfield,* and *George L. Goode,* for plaintiffs.

*Carey Skelton,* and *Homer W. Gaines,* for defendants.

ALMAND, Justice. ■ In the probate of a will in solemn form, notice must be given to all the heirs at law of the testatrix. Code, § 113-602. Such notice must be personal if the heirs at law reside in this State, and only if they reside without the State, or their addresses are unknown, can service of notice by publication be made. § 113-607.

■ "As to a person sui juris, the matter of making a change in domicile is one involving the exercise of volition and choice." *Stanfield* v. *Hursey,* 36 *Ga. App.* 394 (3) (136 S. E. 826); Code, § 79-406. In the probate of a will in solemn form, the absence from the State, at the time of probate, of an heir at law who resided within this State, solely because of service in the armed forces of the United States, does not change his domicile or residence so as to authorize service on him of a notice of probate by publication. *Barton* v. *Barton,* 74 *Ga.* 761; *Stallings* v. *Stallings,* 127 *Ga.* 464 (3) (56 S. E. 469, 9 L.R.A. (N.S.) 593); *Squire* v. *Vazquez,* 52 *Ga. App.* 712 (3) (184 S. E. 629).

■ A judgment founded upon a suit in which the court had

no jurisdiction of the defendant is void. *Bostwick* v. *Perkins*, 4 *Ga.* 47; *Mauck* v. *Rosser*, 126 *Ga.* 268 (1) (55 S. E. 32). A judgment against a party where there was no valid service upon him, and no waiver of service, is void. *Hobby* v. *Bunch*, 83 *Ga.* 1 (5) (10 S. E. 113); *Henry & Co.* v. *Johnson*, 178 *Ga.* 541 (5c) (173 S. E. 659); *Winn* v. *Armour & Co.*, 184 *Ga.* 769 (2) (193 S. E. 447). Where a court had no jurisdiction of the person in the manner prescribed by law, a judgment rendered in such proceeding is void, though the court had jurisdiction of the subject-matter. *Johnson* v. *Wright*, 48 *Ga.* 648 (2). So, a judgment of a court of ordinary probating a will in solemn form is not binding upon an heir at law who was not a party and who had no knowledge of such proceeding. *Barksdale* v. *Hopkins*, 23 *Ga.* 332 (2); *Medlock* v. *Merritt*, 102 *Ga.* 212 (2) (29 S. E. 185).

■ A party against whom a void judgment exists in another court may bring an equitable petition to have such judgment cancelled and set aside. *Jordan* v. *Callaway*, 138 *Ga.* 209 (3) (75 S. E. 101); *Henry & Co.* v. *Johnson*, 178 *Ga.* 541 (6) (supra). A court of equity may entertain a direct proceeding to set aside a probate in solemn form, where it is alleged that certain heirs at law of the testatrix, residents of this State, were not served with personal notice of the probate proceedings, did not waive service, and had no knowledge of such proceedings, and it was alleged that the judgment probating the will in solemn form was, as to them, a nullity. Code, § 110-709; *Jones* v. *Jones*, 181 *Ga.* 747 (184 S. E. 271). It is not necessary that the heirs at law who were not bound by the judgment of probate in solemn form first move to set aside the judgment in the court of ordinary before resorting to equity to cancel a judgment alleged to be void. *Medlock* v. *Merritt*, 102 *Ga.* 212 (2) (supra); *Napier* v. *Bank of LaFayette*, 183 *Ga.* 865 (189 S. E. 822). The petition in the instant case is a direct proceeding in equity to set aside the judgment of probate in the court of ordinary, on the ground that such judgment was void, and is not a collateral attack on such judgment.

■ Code § 3-702, which provides that proceedings to set aside judgments shall be brought within three years from the rendition of such judgments, is not applicable where an attack is made upon a judgment of the court of ordinary probating a will in

solemn form on the ground that it is void for lack of service on certain heirs at law. *Buchan* v. *Williamson*, 131 *Ga.* 501 (3) (62 S. E. 815); *Ivey* v. *State Mutual Insurance Co.*, 200 *Ga.* 835 (2) (38 S. E. 2d, 601); *Strickland* v. *Willingham*, 49 *Ga. App.* 355 (2) (175 S. E. 605). Compare *Snelling* v. *American Freehold Land Mortgage Co.*, 107 *Ga.* 852 (33 S. E. 634, 73 Am. St. R. 164); *Weaver* v. *Webb*, 3 *Ga. App.* 726 (2) (60 S. E. 367). The petition in the instant case alleges that three of the plaintiffs were in the armed services of the United States at the time the testatrix died and at the time the will was probated; that none of these plaintiffs had any notice or knowledge of the purported will of Lizzie Foster, or the probate proceedings, or the disposition of her estate, until shortly before filing the present action, and that upon learning that the defendants were beginning to sell off certain lots of land as a part of the Lizzie Foster estate and disposing of same as their own, these plaintiffs discovered the existence of the purported will and the proceedings in the court of ordinary wherein they had been excluded under said purported will, and this proceeding was instituted. The allegations of the petition did not disclose directly or by inference the date when any of the plaintiffs acquired knowledge of the will of Lizzie Foster, or its probate, or that the executor had been discharged for more than three years prior to the filing of this action. The ground of demurrer that the plaintiffs' action was barred by the statute of limitations is without merit. The contention that the rulings in *Morris* v. *Morris*, 146 *Ga.* 746 (92 S. E. 44), and *Turner* v. *Avant*, 205 *Ga.* 426 (54 S. E. 2d, 269), sustain the defendants' position, is likewise without merit. An examination of the *Morris* case discloses that in a partition proceeding a collateral attack was made upon the probate of a nuncupative will in solemn form, and it was held that the application for probate and judgment therein showed service upon all the heirs of the decedent, and they were bound by the judgment of probate. On page 748 the court said that the plaintiffs could not destroy the judgment probating the will by the collateral attack which they instituted, but that, if there had been no service on the heirs at law, "they should have shown that fact in a proceeding directly attacking the judgment probating the will." In the *Turner* case, it was held that a person, after having

notice of a judgment against him for three years without seeking to set aside the judgment, will not be granted equitable relief to enjoin enforcement of the judgment. There was no effort in that case to vacate or set aside the judgment, although it was alleged that the plaintiff was not served with a copy of the suit. Neither of those cases supports the contention of the defendants that, though the three year limitation statute is inapplicable where the record of the court rendering the judgment shows on its face that the judgment is void for lack of service, yet, since the record in this case does not show on its face a want of service on the plaintiffs, they are barred by the limitation statute.

■ "Laches is an equitable defense, and a petition for equitable relief is not subject to demurrer on the ground of laches unless the allegations of fact affirmatively show such defense." *Hadaway* v. *Hadaway*, 192 *Ga.* 265, 269-70 (14 S. E. 2d, 874). See also *Equitable Building & Loan Assn.* v. *Brady*, 171 *Ga.* 576 (156 S. E. 222); *Bleckley* v. *Bleckley*, 189 *Ga.* 47 (5 S. E. 2d, 206). The facts alleged in this case do not disclose that the plaintiffs' right of action was barred.

■ One ground of general demurrer was that the plaintiffs' petition fails to set forth facts constituting meritorious grounds, which would authorize the court of ordinary to refuse probate of the will of Lizzie Foster in solemn form, even if the judgments probating said will and discharging the executor were set aside. It is insisted that, under Code § 37-220, a court of equity will not set aside a judgment of a court of ordinary probating a will in solemn form unless facts are alleged which would constitute sufficient grounds for a caveat to the will when it is reoffered for probate. This Code section provides as follows: "Equity will interfere to set aside a judgment of a court having jurisdiction only where the party had a good defense of which he was entirely ignorant, or where he was prevented from making it by fraud or accident, or the act of the adverse party, unmixed with fraud or negligence on his part." This provision of law has been applied many times by this court. *Capital Bank of Macon* v. *Rutherford*, 70 *Ga.* 57; *Woodward* v. *Dromgoole*, 71 *Ga.* 523; *Roberts* v. *Moore*, 113 *Ga.* 170 (38 S. E. 402); *Kilburn* v. *Mechanics Loan & Savings Co.*, 175 *Ga.* 146 (165 S. E. 76, 83 A.L.R. 1292); *Felker* v. *Johnson*, 189 *Ga.* 797 (6) (7 S. E. 2d, 668), and

cases cited therein. In equitable proceedings to set aside a judgment rendered in a court of law on account of accident, mistake, or fraud, the plaintiff is required to set out a meritorious defense to the action in which he seeks to set aside the judgment. We have found no decision of this court which holds that, in a direct equitable proceeding to set aside a judgment of a court of ordinary or a court of law on the ground that such court or courts had no jurisdiction of the subject-matter or of the person, and that said judgment is void, it is necessary to plead a meritorious defense. Section 37-220 appears in the present Code under the title "Equity," and in the chapter entitled "Accident and Mistake," and this section, viewed in the light of § 110-709, has reference to voidable judgments only. Code § 110-709 provides that a judgment of a court having no jurisdiction of the person or subject-matter, or void for any cause, is a mere nullity "and may be so held in any court when it becomes material to the interest of the parties to consider it." We are of the opinion that, in an equitable action by heirs at law to set aside the probate of a will in solemn form, on the ground that the judgment of probate was void because of want of legal notice or service upon them, it is not necessary, as against a general demurrer, that the petition state a meritorious ground of caveat to the probate of the will of the testatrix. Their effort being to erase the entire proceeding because of want of jurisdiction of the parties, and not merely to void the consequences of an action where the court had jurisdiction of the subject-matter and of the person, it is not a condition precedent to the setting aside of such judgment that the moving party allege what would be considered a good or meritorious ground of caveat, if and when the will be reoffered for probate in the event the judgment probating it is vacated. This is true for the additional reason that the court of ordinary has the primary and original jurisdiction of the probate of wills, and the initial determination as to the sufficiency or insufficiency of a caveat to a will. See 3 Freeman on Judgments (5 ed.) 2467, § 1189; American Law Institute Restatement of the Law, title "Judgments," 631, § 130 d.

■ The allegations of the petition, as against all the general demurrers of the defendants, are sufficient to state a cause of action in the plaintiffs Willie Foster, Edward Foster, and Lemuel

Foster (though the petition and briefs refer to Eugene Foster as a plaintiff, the copy of the petition as incorporated in the record does not name him as a plaintiff) to set aside the judgment of the court of ordinary probating the will of Lizzie Foster in solemn form, for want of legal service and notice of probate on the named plaintiffs, and to set aside the judgment discharging the executor. Applying the principles of law dealt with in the foregoing divisions of this opinion, it was error for the court to sustain the general demurrers of the defendants and to dismiss the petition as amended.

*Judgment reversed. All the Justices concur, except Atkinson, P. J., who dissents from the 7th division of the opinion and from the judgment, and Duckworth, C.J., who dissents.*

ON MOTION FOR REHEARING.

ALMAND, Justice. The only contention made in the motion for a rehearing which requires comment, is that the heirs at law of the testatrix, not being named as devisees or legatees in the purported will, have no interest in the estate, and are not excused from setting forth a meritorious defense to the probate of the will, and do not come within the purview of Code § 110-709; it being asserted that "The right of the plaintiffs in error to inherit from Lizzie Foster is hinged on the avoidance of the will, and unless this is done, no interest is shown to exist in them."

A will breaks the descent of property from the testatrix to her next of kin, but before it becomes operative to disinherit an heir at law, it must be proved and probated. It is necessary to probate a will before it can be recognized by the law as an instrument passing title to any kind of property. *Johnson v. Sirmans,* 69 *Ga.* 617 (1); *New v. Nichols,* 73 *Ga.* 143 (2); *Rogers v. Rogers,* 78 *Ga.* 688 (3) (3 S. E. 451); *Chidsey v. Brookes,* 130 *Ga.* 218 (2) (60 S. E. 529). The plaintiffs in this case, as heirs at law, had a right to caveat the will and, when the will was probated without notice to them, or waiver of service, or their being properly made parties to the probate proceedings, the judgment was ineffective as to them. Their rights and interests as heirs at law in the estate having never been severed by a valid probate, they have the right to remove the cloud from their title, created by the judgment of probate, and to an op-

portunity to be heard in court before their interest received by descent is taken away by a will duly probated. To hold otherwise would be to deny them due process of law.

*Motion denied. All the Justices concur, except Duckworth, C.J., and Atkinson, P.J., who dissent.*