## JEWELL *v.* JEWELL.

No. 18120.   ARGUED FEBRUARY 9, 1953—DECIDED MARCH 9, 1953.

*Claud R. Caldwell,* for plaintiff in error.

*Pierce Brothers,* contra.

HEAD, Justice. When a decree for total divorce is duly entered and the custody of minor children is fixed by the decree, such decree is a final judgment and conclusive upon the parties on the facts as they then exist. The interest of the State as

parens patriae is continuing, and when there is a change in circumstances materially affecting the interest and welfare of minor children, the decree awarding custody may be modified as the interest of such minor children may require. *Williams* v. *Crosby,* 118 *Ga.* 296 (45 S. E. 282) ; *Bowers* v. *Bowers,* 205 *Ga.* 761 (55 S. E. 2d, 152) ; *Elders* v. *Elders,* 206 *Ga.* 297 (57 S. E. 2d, 83).

In the present case the evidence did not sustain the allegations that the mother had become an unfit and improper person to have custody of her minor child since the decree in the divorce case. It developed from her testimony, however, that she was contemplating remarriage, and if the marriage should be consummated, she expected to remove the child to the residence of her prospective husband in New Jersey. She did not file any motion in arrest of the judgment requiring her to make a bond, or any motion to vacate and set aside this judgment.

The refusal to arrest a judgment, or the refusal to vacate and set it aside, is such a final judgment as may be excepted to in a direct bill of exceptions. See Code, § 110-703; *Raney* v. *McRae,* 14 *Ga.* 589 (60 Am. D. 660) ; *Gardner* v. *State,* 81 *Ga.* 144 (7 S. E. 144) ; *Berger* v. *Saul & Co.,* 109 *Ga.* 240 (34 S. E. 1036) ; *Miraglia* v. *Bryson,* 152 *Ga.* 828 (111 S. E. 655) ; *Ivey* v. *State Mutual Insurance Co.,* 200 *Ga.* 835 (38 S. E. 2d, 601) ; *Turner* v. *Avant,* 205 *Ga.* 426 (54 S. E. 2d, 269).

"No cause shall be carried to the Supreme Court . . upon any bill of exceptions while the same is pending in the court below, unless the decision or judgment complained of, if it had been rendered as claimed by the plaintiff in error, would have been a final disposition of the cause or final as to some material party thereto; . ." Ga. L. 1946, pp. 726, 730 (Code, Ann. Supp., § 6-701). An order requiring a bond, such as was entered in this case, is not a final judgment, but a pendente lite ruling. It can not be the subject matter of a direct bill of exceptions. *Prater* v. *Crawford,* 143 *Ga.* 709 (85 S. E. 829) ; *Peerless Laundry Co.* v. *Abraham,* 193 *Ga.* 179 (17 S. E. 2d, 267).

*Writ of error dismissed. All the Justices concur, except Atkinson, P. J., not participating, and Duckworth, C. J., who dissents upon the ground that the order complained of is final, and to deny a review as provided by law is a denial of due process of law.*