## RAY *v.* HIXON.

1. The lien of an attorney at law on land of his client for fees may be enforced in the same manner as is provided by law for the foreclosure of mortgages on realty. Hence it follows that when a petition for such foreclosure was filed in the superior court during a regular term thereof, and thereafter the defendant acknowledged due and legal service of such proceedings, the court had jurisdiction to render a judgment of foreclosure at its next succeeding term.

2. When an affidavit of illegality has been filed by a defendant to the levy of an execution issued upon a judgment foreclosing an attorney's lien, on the ground that the defendant was never served with process or other notice of the pendency of such suit, and had not waived such service or appeared and pleaded to such suit or action, it is not error for the court to reject an amendment, offered by the defendant on the trial of the illegality, to the effect that the acknowledgment of service entered by the defendant upon the original papers in the case was procured by the fraudulent conduct of the plaintiff. Especially is this true when the defendant offers no affidavit or other proof that he did not know of this additional ground embraced in his proposed amendment when he filed his original affidavit of illegality.

3. The testimony in this case demanding a verdict for the plaintiff in fi. fa., the court did not err in directing the jury to so find.

Submitted May 5, — Decided June 2, 1899.

Illegality.	Before Judge Hart.	Greene superior court.
August term, 1898.

*James Davison*, for plaintiff in error.
*James B. Park Jr.*, contra.

LEWIS, J.	On the 10th day of March, 1891, J. W. Hixon filed his petition in Greene superior court, against B. F. Ray and T. M. Fambrough, trustee, for the purpose of enforcing his attorney's lien for fees on certain land of the defendants. Before the next term of the court, it appears from the record that the defendants acknowledged service of the proceedings in the following language: "Due and legal service hereby acknowledged. Copy, process, and all further service waived." At the following September term, 1891, of the court, a judgment of foreclosure was obtained by the plaintiff against the defend-

ants, and on the 24th of September, 1891, a fi. fa. was issued thereon against the defendants, describing the land upon which it was to be levied and on which the lien was claimed. This fi. fa. was levied upon the land described, to which levy the defendant B. F. Ray filed an affidavit of illegality on two grounds, (1) "Because he was never served with process or other notice of the pendency of said suit of J. W. Hixon against him, nor did he waive such service or appear and plead to said suit or action," and (2) "Because the indebtedness, the cause of action upon which said fi. fa. is based, has been fully paid off and discharged by a payment to John W. Hixon, the plaintiff, since said execution was issued, of the amount due on said indebtedness and said fi. fa., said payments having been made in a five hundred pound bale of cotton in full discharge of said indebtedness, in October, 18 ." On the trial of the case there was no testimony to support the last ground of the illegality. The defendant admitted signing the acknowledgment of service above quoted. After the case was called for trial in the superior court and both parties had announced ready, Ray, the defendant in fi. fa., offered to amend his affidavit of illegality by alleging that the execution and judgment against him were void because the suit was filed on the 10th day of March, 1891, which suit was made returnable to the September term, 1891, of the superior court; that on August 7, 1891, process was waived by the defendant, which was returnable to the September term, 1891, of said court, and the judgment on which the fi. fa. issued was rendered at said term; that the judgment was void because rendered at the first or appearance term of the court, and because, being summoned to appear at the September term, the court had no jurisdiction to render a judgment against the defendant at that term. To this amendment Ray attached his affidavit in which he swore that the ground therein stated was unknown to him when his affidavit of illegality was filed. The court refused to allow the amendment, which constitutes one ground of error assigned in the bill of exceptions. Ray then went upon the stand in his own behalf, and offered to testify that his acknowledgment of service on the petition brought by Hixon was procured by the fraudulent conduct of

49

Hixon. On motion of counsel for plaintiff in fi. fa., this testimony was excluded by the court; whereupon Ray moved to amend the first ground of his affidavit of illegality by alleging, in substance, that he was induced to sign the waiver of process and acknowledgment of service by the fraud and artifice of plaintiff, who represented to him (Ray) that the paper he was requested to sign only showed that the plaintiff had represented him (Ray) as an attorney in a certain case. The proposed amendment further alleged that Ray could not read the writing of Hixon, and relied upon his representation that it was not a court paper; but there is no allegation that he could not read the petition itself on which the acknowledgment was entered. There was no oath or affidavit offered touching this proposed amendment. The court excluded the amendment offered, which ruling constitutes another ground of error in the bill of exceptions. There being no further evidence, the judge directed a verdict for the plaintiff in fi. fa., to which plaintiff in error likewise excepts.

1. It appears from the bill of exceptions that the court refused to allow the first amendment offered, "on the ground he would not permit the deponent to make the affidavit when it was apparent from the record he was obliged to have known when he made the first affidavit of the existence of the ground he now offers to set up." It also appears that the fi. fa. itself to which the illegality was filed shows upon its face that the judgment upon which it issued was rendered at the September term, 1891, of the court; and the affidavit of illegality itself is headed with the statement of same fact. But we do not deem it important to consider this reason assigned by the court for rejecting the amendment. While the amendment offered does not allude to the suit as an ordinary proceeding to foreclose a lien, yet it is manifest from the record that such was the nature of the proceeding. The petition was not introduced in evidence, and does not appear in the record, but it does appear that the fi. fa. issued upon the judgment foreclosing the lien, and counsel for plaintiff in error in his brief concedes that such was the nature of the proceeding instituted by the defendant in error. Under section 2814 (3) of the Civil Code, it is

provided that an attorney's lien upon property recovered for his client may be enforced as liens on personalty and real estate, by mortgage and foreclosure. It appears that the petition in this case for such foreclosure was filed on March 10, 1891. This was during the regular term of Greene superior court of that year. No attack is made in this record upon the regularity of the proceeding instituted for the purpose of foreclosing this lien, except that the judgment was rendered the next term after the filing of the petition. As an attorney's lien of this sort may be foreclosed in the same manner as a mortgage upon realty, it follows, under section 2743 of the Civil Code, that what counsel for plaintiff in error calls the appearance term of the case was really the trial term, the statute only requiring that the defendant shall be served within a given time before the next term of the court. This service was in writing waived by the defendant upon the original petition, which of course answered every purpose of due and legal service within the time required by law. Apart, therefore, from the reason assigned by the judge in refusing to allow the amendment offered, there was clearly no error in rejecting it, for the further reason that, even if allowed, it would have constituted no valid legal ground in an affidavit of illegality.

2. We think the second amendment offered by the defendant in fi. fa. on the trial below really added a new and distinct ground of illegality, and was not simply an amendment to any ground in the original affidavit. The affidavit of illegality denied service or any waiver or acknowledgment thereof. There was an absolute failure in the proof to sustain this ground. On the contrary, it was shown that in point of fact there had been an acknowledgment and waiver of service. Now the amendment set up a new ground of attack upon the judgment, namely, that the service which had been proved was fraudulently obtained. Even if this constituted a sufficient ground of illegality to the fi. fa., we think there was no error in rejecting the proposed amendment in this case, for the reason that it was not sworn to as required by section 5120 of the Civil Code. Besides, we do not think that an affidavit of illegality is the remedy to set aside a judgment on the ground that the

same was procured by any fraudulent conduct on the part of the plaintiff. This is virtually going behind the judgment for the purpose of setting up a defense thereto which the defendant might have availed himself of on the trial or hearing of the case. In such a case equity might grant relief under sections 3987-8 and 5370 of the Civil Code. But where the defendant has actually acknowledged service of a proceeding in court and waived all further service, it matters not what induced him to take such action, he has had his day in court within the meaning of section 4742 of the Civil Code, and therefore can not go behind the judgment by an affidavit of illegality.

3. There being no evidence to sustain any of the grounds of illegality filed in this case, the court committed no error in directing a verdict for the plaintiff in fi. fa.

*Judgment affirmed. All the Justices concurring.*