### EDWARDS *et al. v.* ROZAR *et al.*

Where A sold to B a tract of land containing 390 acres for which the vendee was to pay 100 bales of cotton in instalments at the rate of 10 bales per year, and subsequently, before the expiration of the period mentioned, at the request and by the direction of the vendee,

the vendor deeded 127 acres of the land to a third party, it being agreed between the original vendor and the vendee that the third party should pay a stipulated sum to be credited on the total pur- chase-price of the land, and the third party paid the portion of the purchase-price agreed on; and thereupon the vendee executed a deed to such third party for the part of the land which the latter had purchased; and where subsequently the balance of the purchase-price of the tract was paid by the vendee, and a deed was executed in pursuance of a bond for title previously given, but by mistake the deed followed the bond for title and conveyed the entire tract orig- inally sold, without deducting therefrom the 127 acres previously con- veyed to the third party, the vendor could maintain a suit in equity for the reformation of the deed, unless on account of his negligence in delaying the filing of the suit he is barred by his laches.　In the present case it can not be said, as a matter of law, that he is barred, though he waited eleven years; for the excuses given for a failure to bring suit more promptly, though they might not avail him against an innocent purchaser for value, are sufficient as against the original vendee, or his wife, who took under a voluntary convey- ance.

No. 3292.　FEBRUARY 20, 1923.

Equitable petition.　Before Judge Graham.　Dodge superior court.　May 17, 1922.

*J. H. Roberts* and *J. H. Milner,* for plaintiffs.

*W. A. Wooten* and *C. W. Griffin,* for defendants.

BECK, P. J.　Mrs. Orlena Edwards, for herself and as ad- ministratrix of the estate of M. H. Edwards, and as next friend of three minor children of M. H. Edwards, deceased, and certain children of M. H. Edwards who had attained their majority, brought a petition against Mrs. Mattie O. Rozar, the widow of C. M. Rozar, and alleged as follows:. In the year 1900 M. H. Edwards and T. H. Edwards .executed an delivered their bond for title, conditioned to convey to C. M. Rozar 390-½ acres of land.　Subsequently the obligee sold to J. D. Dupree 127 acres of the land for an agreed price, which was to be paid to M. H. Edwards and T. H. Edwards.　Upon the payment of the purchase- price of the 127 acres the obligors, acting under the instructions of Rozar, conveyed that tract to Dupree.　On June 12, 1911, Rozar finished paying the balance of the purchase-price, and re- quested that a deed be made conveying the land to his wife, Mrs. Mattie O. Rozar.　M. H. Edwards thereupon prepared, and he and his brother executed, a deed conveying the entire tract of 390-½ acres, the fact that 127 acres had already been deeded to Dupree having been overlooked.　M. H. Edwards died in October,

1912, and the fact that a mistake had been made did not come to the attention of the plaintiffs until 1917. Petitioners, after making numerous efforts to effect a settlement of the matter, filed suit on March 30, 1921, praying for a reformation of the deed to Mrs. Mattie O. Rozar. The defendants demurred to the petition generally and specially. The petition was amended; and after the amendment was allowed the court sustained the general demurrer and dismissed the petition, and plaintiffs excepted.

We are of the opinion that the court erred in sustaining the general demurrer to the petition in this case. Section 4571 of the Civil Code reads as follows: " The negligence of the complaining party, preventing relief in equity, is that want of reasonable prudence the absence of which would be a violation of legal duty. Relief may be granted even in cases of negligence by the complainant, if it appears that the other party has not been prejudiced thereby." In this case the mistake of the party preparing and executing the deed was so plain and palpable that it was necessarily obvious to both parties. The husband of Mrs. Edwards, one of the plaintiffs and the brother of the other plaintiffs, together with his brother, his partner, had executed a bond for title, by which they were bound to convey to Rozar, the obligee 390 acres of land. At the request and direction of the obligee in the bond the obligors conveyed one third of the land to another party, upon the understanding that the latter should have a deed when he had paid to Edwards the price agreed upon for it, and the payments thus made should be a credit upon the debt of Rozar to the vendors. The purchaser from the vendee paid his part of the purchase-money and received his deed to 127 acres of land,—a deed which was executed according to agreement between the vendor and the vendee of the land at the direction of the vendor, Rozar. When the latter had paid the remaining part of the purchase-price for the 390 acres of land, Edwards executed a deed, not to the vendee, who paid all of the consideration, but to the wife of the latter; and since the husband paid all of the money due on the purchase-price of the land and had the deed executed to his wife, it is to be presumed that this conveyance was a gift to the wife, and therefore, she stands, relatively to this transaction, as the grantee in a voluntary conveyance, and is to be so regarded until the contrary is made to appear. So far

as appears from the pleadings under consideration, she does not occupy the position of an innocent purchaser for value. Can she in good conscience hold the 127 acres of land sold to Dupree, or, failing to hold it, hold Edwards's estate responsible upon the warranty contained in the deed to Mrs. Rozar? Under the allegations of this petition, which are to be taken as true against the demurrer, while it is not alleged that the mistake was a mutual mistake, it comes very near alleging facts which show mutual mistake. But if it does not show a mutual mistake, it shows such facts as would entitle the administrator of Edwards to relief in equity, unless he is prevented from recovering by his laches. Eleven years had elapsed from the time of the execution of the deed until the filing of this suit for reformation. In the absence of any showing that the rights of innocent purchasers for value had attached, the lapse of such length of time would not necessarily require the application of the equitable bar against plaintiff's right to recover. At a glance it might appear that the mistake was of such a character that it would promptly have been discovered by the exercise of any diligence whatever. If that is not necessarily true, it was a mistake of just such a character as one would overlook in re-reading the deed. At any rate, this court can not hold, in the face of these allegations, that a slip, so easily made in the description of the property, and by the correction of which no one would be injured but by which justice will be done to both parties, will not be remedied in a court of equity.

Having held that a court of equity would afford relief, in such a case as this, to the party who seeks a reformation of the deed, unless he is barred by laches, we must now determine whether the petitioners in this case find themselves so situated. Eleven years had elapsed from the time of the execution of this deed before the suit was brought. The facts alleged to show that the petitioners were not guilty of negligence in waiting until after the lapse of such a period before bringing the suit do not speak very loudly nor strongly in their behalf, but they are not entirely silent. It is shown that the partner who had charge of the transaction died in about a year after the deed was executed, and that the mistake did not come to the attention of the petitioners until 1917, six years after the date of the deed. If the

rights of any third parties had attached, or if an innocent purchaser for value were here to lift his hands in protest against the grant of relief, his protest would prevail under all the rules of law and equity. But the petitioners in this case are not confronted by an innocent purchaser for value; they are met merely by one who is the donee in a voluntary conveyance, and she stands necessarily in the same position as the original purchaser, for he was her husband, paid the money and had the deed made to his wife. Neither Rozar nor his wife paid a cent for this 127 acres of land. If they took the deed conveying the entire 390 acres of land, knowing that it was for 390 acres, they were guilty of a fraud. If they did not know it, but thought it was for 390 acres less the 127 acres conveyed to Dupree, there was a mutual mistake. "Equity relieves against a mistake, as well as against fraud, in a deed or contract in writing, whether it be concerning land or any other thing; and there is no difference in this respect, between that class of classes required by the statute of frauds to be in writing, and those not within the statute; and parol evidence is admissible to prove the mistake, though it be denied in the answer." *Wall* v. *Arrington,* 13 *Ga.* 88. As was said in the case of *Singer* v. *Grand Rapids Match Co.,* 117 *Ga.* 86 (43 S. E. 755): "There is no disposition in the law to let one 'snap up' another or take an advantage of mistakes. In many instances, where one of the parties has made a mistake, neither a court of equity nor of law will refuse to enforce the contract. . . But where the mistake is patent, where the opposite party knew or should have known it, no contract has been made, the minds of the parties have not met, and they will be left where the mistake places them."

The application of the principles of equity to this case requires a reversal of the judgment of the court below.

*Judgment reversed. All the Justices concur.*