WACHOVIA BANK & TRUST Co. *et al.,* executors, *v.* JONES *et al.*

HILL, J. 1. If the form of a conveyance is by mutual mistake of the parties contrary to the intention of both parties in their contract, equity will interfere to make it conform to such intention. Civil Code (1910), §§ 4567, 4578, 4579. To authorize reformation, however, the court must be "satisfied by the evidence" that the mistake was mutual. § 4578.

2. Under application of the foregoing rule, if the subject-matter of the sale is a large plantation called "the Reuben Jones plantation," with well-defined boundaries, and the boundaries are shown by the vendor to the vendee, and the sale is consummated and the purchase-price paid with

reference to such boundaries, and the vendee enters into possssion of the land lying within such boundaries, but in executing the deed of conveyance no attempt is made to describe the land by its boundaries, but it is attempted to describe the land with reference to numbers of lots of which it is supposed to be composed, and by ignorance of both parties as to the lot numbers a mistake is made by including in the deed numbers of certain lots that were not included within the boundaries of the plantation, and by omitting the numbers of certain lots that were included in the boundaries of the plantation, equity, on timely application, will so reform the instrument as to make it include all of the land embraced within the boundaries of the plantation, and exclude such part of the land as was not included within such boundaries.

3. If, after execution of a conveyance of the character just mentioned, the grantee conveys the land to another, and successive conveyances are made thereafter to other grantees upon full and valuable consideration, but each grantee takes under the same mistake of fact, such subsequent conveyances may be reformed in equity on similar grounds of mutual mistake.

4. If the first conveyance was executed in 1913, and the grantee entered possession of the land lying within the boundaries of the plantation, which was the land intended to be sold, and he and his successors in title remained in possession until 1922, and in June of that year the last grantee in the chain of conveyances discovered the mistake, and, relying upon the conveyance, instituted a suit against a stranger, to recover certain of the lots, the numbers of which were contained in the deed of conveyance, but were not in fact included within the boundaries of the plantation, and called upon the grantor named in the first deed to defend his warranty of title, and the latter refused to take any part in the suit, on the ground that the lots sued for were not included in his deed of conveyance, and the remote grantee instituted a suit in 1926 in a court of law against the said grantor to recover damages for a breach of his warranty, and upon institution of such suit that grantor brought a suit in equity to enjoin the common-law action, and to reform the deed in the manner heretofore indicated, the action for reformation was not barred by the statute of limitations, nor was the plaintiff barred by laches from the enforcement of his equitable remedy. *Sweatman* v. *Daley,* 162 *Ga.* 295 (3) (133 S. E. 257) ; *Edwards* v. *Rozar,* 155 *Ga.* 170 (116 S. E. 313) ; *Kelly* v. *Hamilton,* 135 *Ga.* 505 (3) (69 S. E. 724) ; *Smith* v. *Burrus,* 139 *Ga.* 10 (2) (76 S. E. 362). See also, on correct construction of a "party in possession," *Hunnicutt* v. *Archer,* 163 *Ga.* 868 (137 S. E. 253). In the circumstances, if the several grantees were purchasers under the same mutual mistake, and possession had been maintained of the land as described in the boundaries of the plantation, and did not extend to the lots included in the deed which were without the boundaries of said plantation, the case would stand as if the parties to the suit were the parties to the first deed, and the right of reformation would exist as between them.

5. All petitions for equitable relief shall be filed in the county of the residence of one of the defendants against whom substantial relief is prayed, except in cases of injunctions to stay pending proceedings, when

the petition may be filed in the county where the proceedings are pending; provided, no relief is prayed as to matters not included in such litigation. Civil Code (1910), § 5527. In this case the grantee in the last deed in the chain of conveyances brought a suit against the grantor in the first deed in the city court of Albany, in Dougherty County, for a breach of the warranty of title contained in the first deed. The plaintiff was a non-resident of the State. By bringing the suit the plaintiff submitted himself to the jurisdiction of the courts of this State; and the grantor, in order to meet the grounds of complaint in that suit, could go into equity in the county where the common-law action was pending, and seek injunction and reformation of the conveyance, to the extent of excluding from the conveyance the description of the land as to which it was contended the breach of warranty related, and otherwise to make the deed conform to the intention of the original parties. This remedy would be germane to the original cause of action, the same being necessary to sustain the grantor's defense to the action against him on his warranty. *Moore* v. *Medlock*, 101 *Ga.* 94 (28 S. E. 836) ; *Thompson* v. *Thompson*, 129 *Ga.* 440 (59 S. E. 236, 26 L. R. A. (N. S.) 536) ; *Crawley* v. *Barge*, 132 *Ga.* 96 (63 S. E. 819) ; *Gordy* v. *Levison*, 157 *Ga.* 670 (122 S. E. 234).

6. Applying the foregoing principles, the petition alleged a cause of action for reformation of the deed, and the court did not err in overruling the general and special grounds of demurrer to the petition as amended.

7. When considered in connection with the charge in its entirety, the instructions of which complaint is made in the motion for new trial were not erroneous; and the court did not err in omitting to charge as contended.

8. There was no error in the rulings on the admission of evidence.

9. The evidence was sufficient to support the verdict for the plaintiffs, and there was no error in refusing a new trial.

10. The decree as rendered was authorized by the pleadings and evidence, and was not erroneous.

*Judgment affirmed. All the Justices concur.*

No. 6180. AUGUST 17, 1928.

Equitable petition. Before Judge Custer. Dougherty superior court. July 16, 1927.

*Milner & Farkas,* for plaintiffs in error.

*Bennet & Peacock,* contra.