## TURNER *v.* KOSKE *et al.*

No. 8133. SEPTEMBER 17, 1931. REHEARING DENIED SEPTEMBER 30, 1931.

*W. W. Mundy,* for plaintiff. *J. M. Lang,* for defendants.

HILL, J. Koske, considered on demurrer a non-resident of this State, obtained a judgment in the superior court of Gordon County, against Turner, a resident of Floyd County. Execution was issued upon the judgment, and was entered, on April 3, 1930, by the clerk of the superior court of Floyd County on his execution docket. The execution was to be levied upon property located in that county, as the property of the defendant. Turner, on the

second day after the execution was so entered upon the execution docket, instituted a suit in Floyd County against Koske, the sheriff of Floyd County, and the clerk of the superior court of that county, seeking to cancel the judgment and the entry of the fi. fa. on the execution docket, and to enjoin the sale by the sheriff, on the ground of fraud practiced by Koske in obtaining the judgment upon which the fi. fa. was based.

■ The constitution of this State provides that equity cases shall be tried in the county where a defendant resides against whom substantial relief is prayed. Civil Code (1910), § 6540.

(a) The suit being an equitable petition to set aside a judgment on the ground that it was procured by fraud, and to cancel the entry of the fi. fa. made by the clerk of the superior court of Floyd County, and to enjoin the sheriff from selling the property of the defendant under a void fi. fa., the officers named were defendants against whom substantial relief was prayed. *Mayo* v. *Renfroe*, 66 *Ga.* 408, 427.

(b) The plaintiff who obtained the alleged fraudulent judgment being a non-resident of the State (considered on demurrer), and having caused the fi. fa. based on the judgment to be levied upon the property of the defendant in fi. fa. located in Floyd County, subjected himself to the jurisdiction of the court in Floyd County for the purpose of a suit quasi in rem to set aside the judgment and cancel the entry of the fi. fa. on the execution docket, as a cloud upon his title. See 7 R. C. L. 1043, § 76; *Wachovia Bank* v. *Jones*, 166 *Ga.* 747 (144 S. E. 256).

■ The petition was not subject to the demurrer on the ground of laches on the part of the plaintiff, it appearing that the petition was filed two days after the record of the execution in Floyd County.

■ The petition set forth a cause of action, and the court erred in dismissing it on demurrer.

*Judgment reversed. All the Justices concur, except*

BECK, P. J., dissenting. The proceeding in this case is in substance a direct attack upon a judgment which the plaintiff seeks to have set aside and declared void on the ground of fraud practiced in obtaining the same. Under the law as I construe it, this proceeding should. have been brought in Gordon County, especially as the party who obtained the fraudulent judgment and is seeking to enforce it is a non-resident of this State.