NAPIER v. BANK OF LaFAYETTE et al.

No. 11667. FEBRUARY 12, 1937.

Mitchell & Mitchell, for plaintiff.

Rosser & Shaw, for defendants.

RUSSELL, Chief Justice. T. C. Napier filed against the Bank of LaFayette and J. M. Mooreland, sheriff of Catoosa County, a petition in which he made substantially these allegations: The bank is a corporation with its principal place of business and office in Walker County. Mooreland, sheriff, is a resident of Catoosa County. On October 19, 1935, the bank filed in Catoosa superior court its petition, No. 9, November term, 1935, against Napier. At the February term (February 3), 1936, of that court this order was passed: "It appearing that there is no appearance for the plaintiff, within cause is dismissed for want of prosecution." Judgment was rendered against the plaintiff for costs. During the April term (April 7), 1936, of Whitfield superior court, this order was passed: "The petition in the above-entitled cause having been dismissed at the February term, 1936, of court for want of prosecution, the same is, on motion of plaintiff's counsel, reinstated without prejudice to the rights of either party to said cause as same existed prior to said dismissal." No petition was filed by the bank in Catoosa superior court, praying for rein-

statement of its case. Napier did not have any notice that any motion was to be presented to the court for reinstatement "of case No. 9, November term, 1935, of Catoosa court," and he did not waive any of his rights as to notice, nor did he authorize any one to appear and waive any of his rights for him. On August 3, 1936, verdict and judgment were rendered against him, "without any return of service and in favor of the Bank of LaFayette in case No. 9, November term, 1935." He had not been served with any notice, process, or rule, and the first notice he had that this judgment had been rendered against him was when he received a notice that the sheriff held an execution issued from Catoosa superior court in favor of the bank "in said case No. 9 to the November term, 1935," and "was threatening to enforce said void judgment against this defendant" (the plaintiff), who shows that the verdict and judgment on which the execution is based are void, for the reason that he was not served and had no notice whatever of the order of reinstatement, since the order dismissing the case for want of prosecution prayed for process and service; that the execution be declared void and canceled, and for injunction against "any levy and/or sale under said execution." The defendants demurred on the ground that the petition set forth no cause of action and no facts sufficient to authorize the court to grant any of the relief prayed for; and specially on grounds hereinafter stated. The court sustained the demurrers and dismissed the petition. The plaintiff excepted.

In demurring the defendants admitted the truth of the allegations of fact in the petition. So we have a case where the Bank of LaFayette, an artificial citizen of Walker County, invoked the jurisdiction of Catoosa superior court, and voluntarily submitted itself to the jurisdiction of that court in the matter of collecting its claim against Napier, a citizen of Catoosa County. It failed to appear and prosecute its claim, and upon good and sufficient reason its case was dismissed, and judgment was entered accordingly. The plaintiff complains that the case never was reinstated in accordance with law, and that in the absence of any service or notice to him of such reinstatement the judgment against him is void, for he had not his day in court. We shall first consider the special demurrers. Napier's petition sets up that April 7, 1936, the date on which the order of reinstatement was passed, was

during the April term, 1936, of Whitfield superior court. By demurrer this is admitted. The demurrant urges that the fact that the order of reinstatement was passed during the April term, 1936, of Whitfield superior court is immaterial to any of the issues. We can not agree to this contention or conclusion. The superior court of Whitfield County is entirely distinct in every respect from the superior court of Catoosa County. This principle is not affected in any way by the fact that the same individual may be the judge at the proper time of either or both of the named superior courts; and the principle that until adjournment the court is presumed to carry in its bosom its judgments, which are thereby subject to amendment until the court has adjourned, does not transfer the judgment rendered in Catoosa County to Whitfield County, so as to give the court jurisdiction there of a case pending in Catoosa County. It was never designed that the courts of the several counties of the State should be ambulatory; for if so, they would be like the wind which bloweth and no man knoweth whence it cometh. Furthermore, as appears from the petition, no notice of any kind was given to the opposing party to be heard on the question whether case No. 9 should be reinstated, and it is clear that no notice was given to Napier that the question of reinstatement was going to be considered. Like every other litigant he had the right to rely on the judgment of dismissal; and his statement in the petition is not contested that he never received any notice of any order or judgment subsequent to the order of February 3, 1936, dismissing the case for want of prosecution.

"Specially demurring to the ninth paragraph of said petition, defendants say that same is indefinite, vague, uncertain, and should be stricken, for the reason that it does not appear from said paragraph whether the plaintiff refers to the original petition and process, or it is insisted that he had not been served with any copy of the notice to vacate the judgment reinstating said case. Defendants say that if it is the intention of the plaintiff to deny that he had not been served with copy of the petition and process upon which the final judgment was based, it should clearly appear from his allegation that reference to want of service is to the original suit upon which the judgment against plaintiff is based; and that it is immaterial whether the plaintiff was or was not

served with notice as to the vacating of the judgment of dismissal." This demurrer is itself demurrable; a special demurrer, being a critic, must be free from imperfections. However, construing paragraph 9 of the petition with the allegations admitted to be true, we can not hold that, if it was the intention of the plaintiff to deny that he had been served with a copy of the petition and process of the suit on which the final judgment was based, it should clearly appear from the allegations of the present petition that the reference to want of service is to the original suit upon which the judgment against plaintiff was based. As we understand English, we can not say that it refers in any manner to a question, much less of denial, of service on the original suit which was dismissed February 6. Therefore this paragraph is neither vague nor indefinite. The main point, perhaps, is reliance upon the contention that it is immaterial whether the plaintiff was or was not served with notice as to the vacating of the judgment of dismissal. As to this we entertain no doubt. The plaintiff was entitled to notice of the reinstatement, for every reason that suggests itself to our minds. The idea of reinstating a case and taking a final judgment against a party, without giving him any notice whatever that there was a reinstatement of a case which he had every right to think was dismissed, is repugnant to our sense of justice. We think that there is no merit in either of the special demurrers.

In construing the petition as a whole, we are of the opinion that the court erred in dismissing the plaintiff's action. Numerous authorities have been cited in support of a judgment to the contrary. We have made a careful examination of *Jones* v. *Garage Equipment Co.*, 16 *Ga. App.* 596 (85 S. E. 940), *Florida Central R. Co.* v. *Luke*, 11 *Ga. App.* 290 (75 S. E. 270), *Jenkins* v. *Whittier Mills Co.*, 20 *Ga. App.* 828 (93 S. E. 530), *Patterson Produce &c. Co.* v. *Wilkes*, 1 *Ga. App.* 430 (57 S. E. 1047), *Terrell* v. *Clark*, 32 *Ga. App.* 39 (122 S. E. 718), and others cited by the defendant in error; but there is nothing in any of them contrary to the views here expressed. As has been said in substance by this court, many decisions are reflected and properly controlled by the circumstances of the particular case. The particular case now before us is in consonace with all of the decisions, which allow every litigant notice and an opportunity to be heard,

especially at the final stage of the litigation when the litigant's rights will be finally adjudicated. The petition shows that through no fault of the plaintiff he was not permitted to enjoy this right. The superior court of Catoosa County had jurisdiction. An equitable petition instituted against a non-resident of the county and against the sheriff of the county in which the suit is brought, seeking to set aside a judgment obtained by such non-resident against the petitioner in the same superior court, on the ground that the judgment is void, seeking to cancel the execution issuing on such judgment and to restrain the sheriff from proceeding with the levy thereof and the sale of petitioner's property thereunder, is properly brought in the superior court of the county of the residence of the sheriff, in which was rendered the judgment sought to be set aside, the non-resident having submitted itself to the jurisdiction of the court by the institution of the suit therein against the present petitioner, and the petitioner not seeking any relief as to matters outside of such litigation. See *Turner* v. *Koske*, 173 *Ga.* 390 (160 S. E. 398); *Wachovia Bank* v. *Jones*, 166 *Ga.* 747 (144 S. E. 256); *Caswell* v. *Bunch*, 77 *Ga.* 504; *Townsend* v. *Brinson*, 117 *Ga.* 375 (43 S. E. 748); *Keith* v. *Hughey*, 138 *Ga.* 769 (76 S. E. 91); Code, §§ 2-4304, 3-202. The plaintiff's remedy against the void judgment in this case was not necessarily by affidavit of illegality, but a petition in equity to have the judgment set aside and canceled was maintainable. *Jordan* v. *Callaway*, 138 *Ga.* 209(3) (75 S. E. 101); *Ray* v. *Hixon*, 107 *Ga.* 768, 771 (33 S. E. 692); *Tumlin* v. *O'Bryan*, 68 *Ga.* 65.

*Judgment reversed. All the Justices concur.*