## S06A0307. AMIN et al. v. GURUOM, INC.
### (635 SE2d 105)

BENHAM, Justice.

Appellants Vanlila and Kirit Amin filed a petition to quiet title to a .529-acre parcel of land in Henry County, and sought reformation of certain deeds in order to have the deeds reflect appellants' ownership of the .529-acre parcel. The Amins appeal from the trial court's grant of summary judgment to appellee Guruom, Inc.

In 1989, appellant Vanlila Amin and another woman together purchased a 1.1-acre parcel of land which included the contested .529 acre. In 1994, Vanlila and the woman divided the 1.1-acre parcel into two distinct parcels, a .589-acre parcel on which sits a gas station and convenience store, and the undeveloped .529-acre parcel at issue. The other woman transferred her interest in the developed parcel containing the gas station to Vanlila by executing a quitclaim deed. In 1995, Vanlila agreed to sell the developed parcel to Ken Ajayi. However, the legal description of the property sold that was attached to the warranty deed and recorded therewith was the legal description that described the 1.1-acre parcel.

In 1996, Ajayi entered into a contract to sell the property he owned to appellee Guruom, Inc. Vanlila, as the holder of Ajayi's note secured by the property, was involved in the closing of the Ajayi-Guruom transaction. Through her attorney, Vanlila notified Ajayi and Guruom prior to the closing of the error in the 1995 warranty deed. Nonetheless, the Ajayi-Guruom closing took place with the description of the property sold being that used in the 1995 transaction, and with Vanlila executing a quitclaim deed on the developed

parcel to Ajayi. The Amins filed this action in 2001 when Guruom declined to execute a quitclaim deed of its interest in the .529-acre undeveloped parcel to the Amins or to otherwise reform the deeds.

The trial court granted summary judgment to Guruom on the ground that the unambiguous deeds recorded in the clerk's office showed that Guruom owned a half-interest in the undeveloped lot and the Amins owned the other half-interest.[1] Because the instruments spoke for themselves, the trial court ruled that parol evidence was inadmissible to vary the terms of the unambiguous deeds. The trial court ruled that deed reformation was impossible because there was no mutual mistake between the Amins and Guruom. The Amins appeal.

Appellants contend the trial court erred when it excluded parol evidence they wished to present in support of their claims. The trial court granted Guruom's motion in limine to exclude parol evidence on the ground that Amin and Guruom were never parties to the same transaction, relying on this Court's decision in *Gauker v. Eubanks*, 230 Ga. 893 (199 SE2d 771) (1973), that a mistake of a party to a deed could not be rectified to the injury of an innocent third party who parted with money or extended credit on the faith of the deed in question. Five months after granting the motion in limine, the trial court granted summary judgment to Guruom on the claim for deed reformation based on the determination that it was impossible to reform the Amin-Ajayi and Ajayi-Guruom deeds because there was no mutual mistake shared by appellants and Guruom since they were never parties to the same transaction.

"Parol evidence is admissible to prove a mistake in a deed or any other contract required by law to be in writing." OCGA § 24-6-7. If the mistake alleged is in the deed's description and the description is unambiguous, extrinsic evidence may be resorted to "for the purpose of reforming the deed so as to make it express the real intention of the parties and correct a mutual mistake of fact." *Miller v. Rackley*, 199 Ga. 370, 375 (34 SE2d 438) (1945). In the case at bar, appellants sought reformation of the deeds on the basis of a mutual mistake of fact — a scrivener's error that mistakenly described the property sold. See *Curry v. Curry*, 267 Ga. 66 (1) (473 SE2d 760) (1996); *Wachovia Bank &c. Co. v. Jones*, 166 Ga. 747 (2) (144 SE 256) (1928); *Tidwell v. Bassett*, 271 Ga. App. 867 (611 SE2d 123) (2005). While the trial court was correct in its observation that appellants and appellee were never parties to the same transaction, that circumstance does

---

[1] In May 2002, the other woman who had purchased the property with Vanlila in 1989 executed a quitclaim deed to the undeveloped parcel to Vanlila and Kirit Amin.

not make reformation impossible. After execution of a deed containing a mistaken description, a grantor may seek reformation against the grantee of the grantor's grantee who took under the same mistake as long as the grantee does not extend his possession into the property erroneously included in the description. *Wachovia Bank &c. Co. v. Jones*, supra, 166 Ga. 747 (3), (4). The trial court's reliance on *Gauker v. Eubanks* was misplaced in that there was no allegation of mutual mistake in *Gauker*. Thus, since reformation was a possible remedy in this case, the trial court erred in granting Guruom's motion in limine to exclude parol evidence.

The trial court's grant of summary judgment to Guruom was based on the same erroneous legal theory that deed reformation was not a possible remedy in the case at bar because appellants and appellee were never parties to the same transaction. Inasmuch as an appellate court cannot affirm a judgment based on an erroneous legal theory (*Gwinnett County v. Davis*, 268 Ga. 653, 655 (492 SE2d 523) (1997)), the trial court's grant of summary judgment is vacated and the case remanded for further proceedings consistent with this decision.

*Judgment vacated and case remanded. All the Justices concur.*

DECIDED JULY 27, 2006 —
RECONSIDERATION DENIED SEPTEMBER 18, 2006.

*Stack & Associates, Martin A. Shelton, Holly P. Cole*, for appellants.

*Decker, Hallman, Barber & Briggs, F. Edwin Hallman, Jr., Harry K. Buttermore III*, for appellee.