A07A0922. CLAYTON COUNTY et al. v. HEALTHSOUTH
HOLDINGS, INC. et al.
A07A1327, A07A1328. FAYETTE COUNTY et al.
v. HEALTHSOUTH HOLDINGS, INC.; and vice versa.
(654 SE2d 143)

SMITH, Presiding Judge.

We have consolidated these cases for purposes of appeal. In Case Nos. A07A1327 and A07A1328, HealthSouth Holdings, Inc., a wholly owned subsidiary of HealthSouth Corporation, applied to Fayette County for the refund of allegedly overpaid ad valorem taxes. Fayette County refused to issue a refund, prompting HealthSouth Holdings to file suit against the county and others (collectively referred to as "Fayette County").[1] Fayette County moved for summary judgment on the ground that the action filed by HealthSouth Holdings was time-barred, and HealthSouth Holdings moved for summary judgment claiming that Fayette County was required to refund the overpaid taxes in accordance with the tax refund statute. The trial court denied both motions for summary judgment, and this court granted Fayette County's application for interlocutory review.

In Case No. A07A0922, HealthSouth Holdings and Diagnostic Health Corporation applied to Clayton County for a similar refund. When Clayton County refused to issue a refund, the plaintiffs filed suit against the county and others (collectively referred to as "Clayton County").[2] The Clayton County Superior Court granted summary judgment to the plaintiffs finding that "HealthSouth paid taxes that were not owed by it," entitling the company to a refund under OCGA § 48-5-380.

---

[1] HealthSouth Holdings also sued Greg Dunn, Chairman of the Board of Commissioners of Fayette County, and Linda Wells, Herb Frady, A. G. Vanlandingham, and Peter Pfeifer, individual members of the Board of Commissioners of Fayette County.

[2] HealthSouth Holdings and Diagnostic Health Corporation also sued Eldrin Bell, Chairman of the Board of Commissioners of Clayton County, and Virginia Burton Gray, Carl Rhodenizer, J. Charley Griswell, and Wole Ralph, as individual members of the Board of Commissioners of Clayton County.

We affirm the trial court's denial of the motion for summary judgment of HealthSouth Holdings in Case No. A07A1328. But because we find that HealthSouth Holdings could not claim a refund as an assignee of HealthSouth Corporation, we reverse the court's denial of Fayette County's motion for summary judgment in Case No. A07A1327. For the same reason, we reverse the grant of summary judgment to HealthSouth Holdings and Diagnostic Health Corporation in Case No. A07A0922.

On appeal from the grant or denial of summary judgment, this court conducts a de novo review of the evidence to determine whether there is a genuine issue of material fact and whether the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

### Case Nos. A07A1327 and A07A1328

The evidence shows that HealthSouth Corporation filed business personal property tax returns for the 2001, 2002, and 2003 tax years with the Fayette County tax assessor's office. Each return was timely filed.

On March 4, 2004, a representative of "HealthSouth Corporation and [its] subsidiaries" submitted a demand for a refund for tax years 2001, 2002, and 2003, pursuant to OCGA § 48-5-380, to the Fayette County Appraiser.[3] The demand explained that HealthSouth Corporation was being investigated by the Securities and Exchange Commission for accounting fraud which "consisted of overstating property, plant and equipment by listing fictitious assets on depreciation schedules." Brian Menke, HealthSouth Corporation's authorized representative, averred that "HealthSouth's prior management erroneously reported non-existent items of personal property in . . . its property tax returns and thereby overstated the reported taxable fair market value of its personal property situated within Fayette County."

On May 5, 2004, the Fayette County Board of Commissioners denied the refund request during its board meeting. HealthSouth Corporation was notified of the denial in a May 12, 2004 letter. On June 1, 2004, the corporation nevertheless again presented the same refund request, but this time to the chairman of the Fayette County Board of Commissioners. In a letter dated June 14, 2004, HealthSouth Corporation was again notified that its refund request was denied by the board on May 5, 2004.

---

[3] The appraiser apparently forwarded the refund request to the Fayette County Board of Commissioners.

On May 18, 2005, HealthSouth Holdings filed suit against Fayette County and others seeking "a refund of *ad valorem* taxes that were erroneously and/or illegally assessed and collected." All parties moved for summary judgment, and the trial court denied those motions. In Case No. A07A1327, Fayette County appeals from the trial court's denial of its motion for summary judgment. In Case No. A07A1328, HealthSouth Holdings appeals from the denial of its motion.

Fayette County contends that the trial court erred in denying its motion for summary judgment. We agree and reverse, but for a different reason than that presented by Fayette County.

The refund request was filed pursuant to OCGA § 48-5-380. That statute provides, however, that "[n]o refund provided for in this Code section shall be assignable." OCGA § 48-5-380 (b). The taxpayer in this case is HealthSouth Corporation, and the refund requests were made on behalf of "HealthSouth Corporation and [its] subsidiaries." Menke, HealthSouth Corporation's representative, averred that "Health-South Holdings, Inc. is a wholly-owned subsidiary of HealthSouth and is the assignee of and holds the right to assert this refund claim." Because HealthSouth Holdings is claiming a refund as an assignee of HealthSouth Corporation and the statute provides that no refund is assignable, HealthSouth Holdings cannot claim a refund under OCGA § 48-5-380. Indeed, the statute provides that "the *taxpayer . . .* may file a claim for a refund." (Emphasis supplied.) OCGA § 48-5-380 (b). Consequently, only HealthSouth Corporation, as the taxpayer, may pursue a refund under that Code section — not HealthSouth Holdings. The trial court therefore erred in denying Fayette County's motion for summary judgment.

For the same reasons, the trial court likewise did not err in denying HealthSouth Holding's motion for summary judgment.

### Case No. A07A0922

A representative of HealthSouth Corporation submitted to the Clayton County Appraiser a demand for a refund for tax years 2001, 2002, and 2003, pursuant to OCGA § 48-5-380, a demand similar to those filed with the Fayette County Appraiser. Just as in the Fayette County cases, the taxpayer is HealthSouth Corporation, and the refund requests were made on behalf of "HealthSouth Corporation and [its] subsidiaries." Michael Martin, vice president and authorized representative of HealthSouth Corporation, averred that "Health-South Holdings and Diagnostic Health Corporation are wholly-owned subsidiaries of HealthSouth and are the assignees of and collectively hold the right to assert this refund claim." As previously explained, however, OCGA § 48-5-380 provides that no refund is

assignable and that "the *taxpayer . . .* may file a claim for a refund." (Emphasis supplied.) HealthSouth Holdings and Diagnostic Health Corporation are not the taxpayers and therefore cannot pursue a refund under OCGA § 48-5-380. Cf. *Sawnee Elec. Membership Corp. v. Ga. Dept. of Revenue,* 279 Ga. 22, 23 (2) (608 SE2d 611) (2005) (EMC could not file refund claim because it was not "taxpayer" as burden of tax was passed on to members/patrons).

Although the parties did not raise this issue below, "an appellate court cannot affirm a judgment based on an erroneous legal theory. [Cit.]" *Amin v. Guruom, Inc.,* 280 Ga. 873, 875 (635 SE2d 105) (2006). The trial court therefore erred in granting the plaintiffs' motion for summary judgment.

*Judgments reversed in Case Nos. A07A0922 and A07A1327. Judgment affirmed in Case No. A07A1328. Barnes, C. J., and Miller, J., concur.*

DECIDED OCTOBER 9, 2007 —
RECONSIDERATION DENIED NOVEMBER 15, 2007.

*Hancock, Dempsey & Everett, Brian R. Dempsey, Michelle Y. Terry,* for appellants.
*Jones Day, E. Kendrick Smith,* for appellees.
*Daniel W. Hamilton,* amicus curiae.

*McNally, Fox & Grant, Dennis A. Davenport,* for appellants.
*Jones Day, E. Kendrick Smith,* for appellee.

